**Carroll Wayne DAVIS, Appellant,**

v.

**Hardy Wayne FORREST & Larry Marcus McNabb, Police Officers of the Little Rock Police Dept., Appellees.**

**No. 84–2484.**

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1985.

Decided July 17, 1985.

Clark S. Brewster, Bryant, Ark., for appellant.

Victra Fewell, Little Rock, Ark., for appellees.

Before ARNOLD and FAGG, Circuit Judges, and HARPER,* Senior District Judge.

ARNOLD, Circuit Judge.

Carroll Wayne Davis appeals from a judgment entered on a jury verdict in a suit under 42 U.S.C. § 1983 alleging that two Little Rock City police officers violated his constitutional rights by beating him unnecessarily with their flashlights. He raises two issues on appeal: (1) that the District Court's[1] instruction on liability placed an excessive burden on the plaintiff; (2) that the District Court erred in admitting certain pieces of evidence indicating that Davis had received workers' compensation benefits for a back injury. We affirm.

### I.

The District Court instructed the jury that in order to find the officers liable the jurors must find that the officers intruded into "realms of personal privacy and bodily security through means so brutal, demeaning, and harmful as to literally shock the conscience." It also instructed the jury to consider four factors in determining whether the officers had violated Davis's constitutional rights: "(1) [t]he need for the application of the force; (2) [t]he relationship between the need and the amount of force that was used; (3) [t]he extent of injury inflicted; and (4) [w]hether force was applied in a good faith effort to effectuate the arrest or maliciously and sadistically for the very purpose of causing harm."

■ Davis objects to the first part of the instruction, requiring that the conduct "shock the conscience," and to the fourth factor requiring the jury to consider whether the officer acted "maliciously and sadistically." Our Court has on no less than three occasions approved the four factors, including the fourth factor to which Davis objects. *Bauer v. Norris*, 713 F.2d 408, 412 (8th Cir.1983); *Rogers v. Rulo*, 712

F.2d 363, 368 (8th Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 719, 79 L.Ed.2d 181 (1984); *Putman v. Gerloff,* 639 F.2d 415, 420 (8th Cir.1981) (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973)). We are bound by these cases.

■ As to Davis's challenge to the part of the instruction which requires a bodily intrusion so "brutal, demeaning, and harmful as to literally shock the conscience," we note that this language is quoted from a Fourth Circuit case, *Hall v. Tawney,* 621 F.2d 607, 613 (4th Cir.1980), and was in substance adopted by the Fifth Circuit in *Shillingford v. Holmes,* 634 F.2d 263, 265 (5th Cir. Unit A 1981) (requires finding of a malicious abuse of official power "that shocks the conscience"). This language is intended to make clear that not every assault and battery by a police officer is a violation of the Constitution. Something more is required to justify a finding of liability under Section 1983. Other words might be chosen to express this thought, but we see no error in the instruction given by the District Court.

### II.

■ Davis argues that the District Court erred in admitting testimony and letters pertaining to a workers' compensation claim he filed for a back injury. Specifically, he argues that the Court should not have allowed Katherine Moore, a claims adjuster for the insurance company which covered Davis's employer, to testify that Davis had filed a workers' compensation claim for a back injury, and had argued in support of that claim that the back injury was solely caused by a work-related incident and not by the alleged beating by defendants. This testimony was relevant to impeach Davis's present claim that the beating aggravated his back injury, since he had previously claimed that his back

---

* The Hon. Roy W. Harper, Senior United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

1. The Hon. Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

injury was not caused by the beating. Also, for the same reason, we find that it was proper for the Court to allow the defendants to call David Smith, the lawyer who represented Davis in the workers' compensation proceeding, and to admit into evidence several letters Smith had written on Davis's behalf. In these letters Smith denied that Davis's back injury was caused by the beating.

Davis also claims that the Court erred in refusing to grant a mistrial because defense counsel asked Smith if a recovery was made in the workers' compensation case. Davis's attorney objected to this question, and the District Court sustained the objection and later submitted an instruction to the jury which stated that the fact that plaintiff might have recovered benefits from workers' compensation was irrelevant to the present lawsuit. Davis argues that this question improperly suggested to the jury that he was dishonest and was attempting to recover twice for his back injury. We agree with Davis that this question asked for irrelevant evidence, but do not believe it was so unfairly prejudicial as to warrant a mistrial.

The cat was already out of the bag, since the jury was already aware from Davis's own testimony in answering a question about lost wages, that Davis had received "workers' compensation income." And Smith, a witness who was friendly to Davis, also stated, in an unresponsive answer to a question asking him to define "compensable injury," that Davis had sought $154 per week in workers' compensation benefits. Finally, the corrective jury instruction served to cure the error by explicitly telling the jury that the evidence of recovery for workers' compensation was irrelevant. We do not think that the improper suggestion made by the question was so compelling or irresistible that the jury was unable to follow the court's instruction to disregard the suggestion.

Affirmed.