Evonne J. NEW, Appellant,

v.

CITY OF MINNEAPOLIS, Alva Emerson and William Scott, Appellees.

No. 85–5269.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1986.

Decided June 4, 1986.

Daniel R. Shulman, Minneapolis, Minn., for appellant.

David M. Gross, Minneapolis, Minn., for appellees.

Before LAY, Chief Judge, ROSS and WOLLMAN, Circuit Judges.

PER CURIAM.

Appellant, Evonne New, brought this action under 42 U.S.C. § 1983 (1982), alleging that Minneapolis police officers used excessive force on her and her child in effecting an arrest. Appellant alleged that on the evening of October 15, 1983, she telephoned the Minneapolis Emergency Communications Center seeking assistance in transporting her son to a crisis intervention center. According to appellant's amended complaint, the two officers who entered her home in response to her call engaged in a brutal and unprovoked assault on her son, striking him repeatedly and applying a

chokehold until he was rendered unconscious. When appellant attempted to intervene to protect her son, the officers allegedly beat her and applied a stranglehold to her. They then arrested appellant, and according to her complaint, fabricated charges against her of assault and resisting arrest. A jury subsequently acquitted appellant of these charges.

The district court[1] granted summary judgment in favor of appellees in reliance on recent precedent in the District of Minnesota, *Hanson v. Larkin*, 605 F.Supp. 1020 (D.Minn.1985). *Hanson* considered whether similar allegations of police brutality sufficiently stated a claim for deprivation of liberty without procedural due process. *Hanson* decided that Minnesota tort remedies provide adequate post-deprivation relief for infringement of the liberty interest implicated in an unauthorized police assault, and that pre-deprivation procedures are not feasible to protect against a random and unauthorized act of violence by police. *Id.* at 1025–26, *citing Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) and *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Relying on *Hanson*'s reasoning concerning the adequacy of state tort remedies, the district court concluded that appellant had suffered no deprivation of procedural due process.

While this case was on appeal, the Supreme Court clarified *Parratt v. Taylor, supra,* in *Davidson v. Cannon*, — U.S. ——, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986) and *Daniels v. Williams*, — U.S. ——, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). *Daniels* and *Davidson* explain that no deprivation of due process results from the negligent act or omission by an official causing unintended injury to life, liberty or property. *Daniels*, 106 S.Ct. at 663; *Davidson*, 106 S.Ct. at 670–71. On the other hand, the Supreme Court in *Daniels* and *Davidson* did not change the rule that intentional

1. The Honorable Edward J. Devitt, Senior Judge, United States District Court for the District of Minnesota.

abuse of official power, which shocks the conscience or which infringes a specific constitutional guarantee such as those embodied in the Bill of Rights, implicates the substantive component of the due process clause regardless of the availability of state remedies. *See, e.g., McClary v. O'Hare,* 786 F.2d 83, 86 n. 3 (2nd Cir.1986); *Mann v. City of Tucson,* 782 F.2d 790, 793 (9th Cir.1986). *Accord, Daniels,* 106 S.Ct. at 677–78 (Stevens, J., concurring).

▇▇▇▇ Allegations of brutality by law enforcement personnel apprehending a suspect or effecting an arrest are typically analyzed in terms of fourth amendment and liberty interests. If sufficiently egregious, a deliberate use of excessive force in this context can implicate the substantive fourth amendment guarantee against unreasonable seizures, the substantive due process right to be free from abusive governmental conduct "offensive to human dignity," or both. *See, e.g., Tennessee v. Garner,* ── U.S. ──, 105 S.Ct. 1694, 1699–1707, 85 L.Ed.2d 1 (1985); *Fernandez v. Leonard,* 784 F.2d 1209, 1214–17 (1st Cir.1986); *Patzner v. Burkett,* 779 F.2d 1363, 1371 (8th Cir.1985); *Davis v. Forrest,* 768 F.2d 257, 258 (8th Cir.1985). Since claims of this nature involving substantive due process are to be considered without regard to whether adequate state tort remedies provide an alternate form of redress, the district court incorrectly entered summary judgment against appellant.[2] Accordingly, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

2. Appellant's allegations concerning fabricated charges or arrest without probable cause also would not be foreclosed by the existence of state tort remedies.