David Alan **CROUSE**, Appellant and Cross–Appellee,

v.

**CITY OF COLORADO SPRINGS** and Mario Rivera, in his individual and official capacity, Appellees and Cross–Appellants.

No. 86SA363.

Supreme Court of Colorado, En Banc.

Dec. 19, 1988.

As Modified on Denial of Rehearing Jan. 17, 1989.

Cornish and Dell'Olio, Craig M. Cornish Colorado Springs, for appellant and cross-appellee.

Hall & Evans, Alan Epstein, Gordon L. Vaughan, Denver, Kane & Donley, Thomas K. Kane, Colorado Springs, for appellees and cross-appellants.

KIRSHBAUM, Justice.

Appellant, David Alan Crouse, seeks review of the trial court's summary judgment dismissing state common-law tort claims and federal civil rights violation claims he filed against defendants, City of Colorado Springs (the City) and Colorado Springs Police Officer Mario Rivera, and awarding attorney fees to the defendants. The trial court held that section 13–80–129, 6A C.R. S. (1982 Supp.) (repealed & reenacted 1986),[1] barred Crouse's common-law negligence claims against the defendants and authorized the award of attorney fees. It dismissed Crouse's civil rights claims against the City on the ground that he failed to allege with sufficient specificity essential elements of such claims and dismissed his common-law claims against the City on evidentiary grounds.[2] The trial court dismissed Crouse's civil rights claims against Rivera on the grounds that proof of intentional misconduct was essential to recovery under the federal Civil Rights Act, 42 U.S.C. § 1983 (1979) (hereinafter § 1983), and that the undisputed evidence refuted any allegations of intentional misconduct, and dismissed a common-law assault and battery claim against the defendants on the ground that the evidence did not support a finding that Rivera acted with intent. The trial court also held that the notice filed by Crouse satisfied the requirements of section 24–10–109, 10 C.R. S. (1982) (amended 1986), which ruling is challenged by a cross-appeal filed by the City and Rivera. We affirm in part, reverse in part and remand with directions.

I

The following general statement of facts is based upon the depositions and affidavits filed with the trial court.[3] Further references to the contents thereof will be made as necessary in the course of examining the issues.

During the day of June 19, 1984, Rivera, a Colorado Springs Police Department officer, investigated a reported theft of gasoline from a local business establishment. He was informed that the perpetrator was a Caucasian male in his mid-twenties, approximately five-feet-eight inches to five-feet-ten inches tall, with long blond hair. He was also informed that the perpetrator wore blue jeans and a light blue or tan top and drove away in a dark brown pickup truck with no license plates.

At approximately 1:47 a.m. on June 20, Rivera observed a dark brown pickup truck being driven by a person matching the de-

1. This statute was repealed in 1986. Ch. 114, § 1, 1986 Colo.Sess.Laws 695. It was reenacted with additional provisions in 1987. Ch. 108, § 7, 1987 Colo.Sess.Laws 568–69. It is now codified as § 13–80–119, 6A C.R.S. (1987).

2. Crouse initially appealed the trial court's order insofar as it dismissed his § 1983 claims against the City based on improper training and supervision of personnel. *See St. Louis v. Praprotnik,* — U.S. —, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988); *Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); *Monell v. Department of Social Serv.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). He also initially appealed the dismissal of his common-law claims against the City based on conduct of City employees other than Rivera. However, at oral argument he abandoned both those arguments. Accordingly, the trial court's judgment insofar as it dismisses those claims is affirmed without further comment. Crouse has not abandoned his common-law claims against the City based on the doctrine of *respondeat superior.*

3. At the time the trial court entered its order, the record included depositions of Rivera, Colorado Springs Police Officer Alan Lippold and Crouse. Affidavits of Crouse, Dr. Robert Dillon, Richard Euchler, Dr. Lester Cramer and Dr. Charles G. Wilber had also been filed. Although the trial court's order is entitled "order of dismissal," it is based in part on factual matter contained in the depositions and affidavits. Accordingly, it must be deemed entry of an order of summary judgment pursuant to C.R.C.P. 56. *Alexander v. Morrison–Knudsen Co.,* 166 Colo. 118, 444 P.2d 397 (1968), *cert. denied,* 393 U.S. 1063, 89 S.Ct. 715, 21 L.Ed.2d 706 (1969). The case is before this court on direct appeal because of Crouse's assertion that if the trial court's construction of § 13–80–129, 6A C.R.S. (1982 Supp.) (repealed & reenacted 1986), is affirmed, the statute must be declared unconstitutional.

scription of the perpetrator. When he attempted to make a traffic stop of the vehicle, it sped away. Rivera followed the speeding truck and observed it come to a stop in a residential area of the City. The driver, Crouse, exited and began to run.

Rivera radioed for assistance and pursued the driver. He was joined by Officer Alan Lippold, and the two ultimately found Crouse crouched down in some bushes located against the wall of a residence. Rivera held a flashlight in his left hand and his service revolver in his right hand as Lippold pulled Crouse from his hiding place. Rivera stated in his deposition that his service revolver was not cocked, that he observed Crouse move his right hand, and that as he applied both his hands to Crouse in an effort to push him down to the ground the revolver discharged accidentally. Lippold stated in his deposition that Rivera's revolver discharged accidentally as Rivera was attempting to push Crouse to the ground. Crouse stated in his deposition that when he was located one of the officers yelled, "Here's the asshole"; that as he was pulled from the bushes he was struck on the head by Rivera's flashlight; and that a revolver then discharged. He also stated in his deposition that he felt "it was an accident." Crouse received a neck wound.

Dr. Robert Dillon submitted an affidavit stating his opinion, based on the absence of any powder burns revealed by a photograph of the wound taken the day of the shooting, that the weapon had been discharged from eighteen to twenty-four inches from Crouse's face. Dr. Charles Wilber submitted an affidavit containing his opinion that the weapon was discharged at least twenty-four inches from Crouse's face and that, because no gunshot residue was found on Rivera's uniform, the officer must have been standing away from Crouse at the time the weapon discharged.

In April of 1985, Crouse filed a civil action against Rivera and the City. He had previously sent a notice to the City that he had been injured. An amended complaint containing common-law claims and claims based on § 1983 was filed against the defendants on November 8, 1985. The first claim alleges negligent conduct by Rivera. The second claim alleges negligent hiring practices by the City. The third claim alleges deprivation of rights protected by the fourth and fourteenth amendments to the United States Constitution and article two, sections 7 and 25, of the Colorado Constitution as the result of negligent training of personnel by the City and the use of excessive force and the abuse of official power by Rivera. The fourth claim alleges knowing failure by the City to discipline officers as a matter of policy and custom. The fifth claim alleges that Rivera acted with intent to harm Crouse. The complaint seeks damages and requests an award of attorney fees.

On November 25, 1985, Rivera and the City filed answers to the amended complaint and motions to dismiss or, alternatively, for summary judgment. The motions alleged that all claims except the third claim were barred by provisions of section 13–80–129, 6A C.R.S. (1982 Supp.) (repealed & reenacted 1986); that the second and fourth claims against the City failed to comply with the notice provisions of section 24–10–109, 10 C.R.S. (1982) (amended 1986); that Crouse's § 1983 claims should be dismissed because they alleged only negligent rather than intentional conduct; and that the fifth claim should be dismissed because "the evidence did not support the assertion that the shooting was intentional." With the exception of its conclusion that Crouse's notice of claim satisfied the notice requirements of section 24–10–109, the trial court granted the motion. It also ordered Crouse to pay attorney fees pursuant to section 13–80–129(2) for the costs of defending the state common-law claims.

## II

Crouse asserts that the trial court erred in dismissing his common-law claims against Rivera and the City and in awarding attorney fees to the defendants on the basis of section 13–80–129, 6A C.R.S. (1982 Supp.) (repealed & reenacted 1986). That statute states in pertinent part as follows:

**Injury sustained while in commission of a felonious act or in flight from the commission of a felonious act.** (1) On or after April 9, 1982, no person, his estate, or his personal representative shall have a right to recover damages for a personal injury sustained during the commission of or during immediate flight from an act which is defined by any law of this state or the United States to be a felony, if the conditions stipulated in this section apply.

(2)(a) The court shall dismiss the action and award attorney fees and costs to the person against whom the action was brought if the injured person has been convicted of the felony or has been adjudicated a delinquent as a result of the commission of the act and if the person who caused the injuries acted:

(I) Under a reasonable belief that physical force was reasonable and appropriate to prevent injury to himself or to others, using a degree of force which he reasonably believed necessary for that purpose; and

(II) Under a reasonable belief that physical force was reasonable and appropriate to prevent the commission of a felony, using a degree of force which he reasonably believed necessary for that purpose.

Section 13–80–129(1), (2)(a).

Crouse first argues that the evidence does not establish that the force used by Rivera was used to prevent the commission of a felony. He argues alternatively that the evidence reveals a factual dispute as to whether the force used was reasonable under the circumstances, that the trial court's construction of the statute would render it unconstitutional under the fourth amendment to the United States Constitution, that the statute violates federal due process and equal protection constitutional standards, and that the trial court violated

Crouse's federal procedural due process rights in rendering its decision.

We need not address Crouse's arguments concerning the state of the evidence regarding the degree of force used, the constitutionality of the statute or the propriety of the trial court's procedures.[4] Subsection (2)(a)(II) of section 13–80–129 provides that the statute permits dismissal of an action only when the force is used under a reasonable belief that such force is reasonable and appropriate to prevent the commission of a felony. The degree of force used must be no greater than what the officer "reasonably believed necessary *for that purpose*" (emphasis added). These circumstances must be proved in addition to the requirements of section (2)(a)(I) relating to prevention of injury.

■ The depositions of Rivera, Lippold and Crouse contain the following pertinent evidence. Rivera testified that Crouse moved a hand and that the revolver, though not cocked, accidentally discharged when Rivera exerted force to ensure that Crouse remained in a prone position on the ground. Lippold testified that he at no time considered himself to be in any danger. Crouse testified that Rivera struck him with a flashlight. This evidence discloses disputes of material facts respecting the conduct of Rivera and Crouse at the time the incident occurred, rendering the entry of summary judgment inappropriate. C.R.C.P. 56.

It must also be noted that the trial court's order contains no finding that Rivera reasonably believed his conduct was reasonably necessary to prevent the commission of a felony. The finding that Rivera's actions were "reasonable and appropriate to prevent injury to himself and others" is not the equivalent of a finding that Rivera acted under a reasonable belief that force was necessary to prevent the commission of a felony.

---

4. We do not by this opinion indicate approval of the trial court's assumption that in determining motions to dismiss based upon this statute a trial court is required under all circumstances to resolve all factual disputes material to the question of the statute's applicability. In cases where evidence is in dispute and a determination must be made as to whether certain acts constitute "reasonable conduct," it may well be necessary to utilize the fact-finding functions of a jury before a decision on the legal issue of the applicability of the statute is appropriate.

For these reasons, the trial court's judgment must be reversed insofar as it relies upon section 13–80–129 to dismiss Crouse's state common-law claims and to award attorney fees against Crouse at this stage of the proceedings.

## III

Crouse's third claim alleges that Rivera "knowingly and intentionally or negligently shot Plaintiff without justification," that the force used was excessive "amounting to an abuse of official power which shocks the conscience," and that the conduct violated constitutional rights guaranteed by the fourth and fourteenth amendments of the United States Constitution. The fifth claim also alleges that Rivera's conduct was intentional. The trial court held that the allegations of negligent conduct were insufficient to state a § 1983 claim based on the fourteenth amendment, citing *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), and *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).[5] The trial court also held that Crouse's allegations of intentional conduct, while sufficient to state a claim for relief under § 1983, were rebutted by uncontroverted evidence, and therefore dismissed Crouse's civil rights claims against Rivera. The trial court's order does not differentiate between Crouse's fourteenth amendment and fourth amendment claims. We address Crouse's two federal claims.[6]

## A

■ The due process clause of the fourteenth amendment protects individuals from deprivation of liberty by deliberate abusive or harsh conduct by state officials. *Rochin v. California*, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952); *Hewitt v. City of Truth or Consequences*, 758 F.2d 1375 (10th Cir.), *cert. denied*, 474 U.S. 844, 106 S.Ct. 131, 88 L.Ed.2d 108 (1985); *Gumz v. Morrissette*, 772 F.2d 1395 (7th Cir.1985). While not all intentional misconduct by state officials is subject to redress under § 1983, excessive force or other outrageous abuse of government authority directed against citizens is precisely the type of misconduct which the remedies created by Congress in § 1983 were designed to deter. *Davidson v. Cannon*, 474 U.S. 344, 347–48, 106 S.Ct. 668, 670–71, 88 L.Ed.2d 677 (1986) (citing *Daniels v. Williams*, 474 U.S. 327, 331–33, 106 S.Ct. 662, 665–6, 88 L.Ed.2d 662 (1986)). *See also Meade v. Grubbs*, 841 F.2d 1512 (10th Cir.1988); *Owens v. City of Atlanta*, 780 F.2d 1564 (11th Cir.1986); *Garcia v. Salt Lake County*, 768 F.2d 303 (10th Cir.1985).

■ To determine whether particular acts constitute excessive force, thus subjecting the actor to the provisions of § 1983, the court must consider "the amount of force used in relationship to the need presented, the extent of the injury inflicted, and the motives of the state officer." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir.1981). *See Johnson v. Glick*, 481 F.2d 1028 (2d Cir.1973). A complaint alleging a violation of constitutional rights under § 1983 should not be dismissed unless

---

5. Section 42 U.S.C. § 1983 (1979) states as follows:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

6. Crouse's complaint also asserts violations by Rivera of rights protected by article II, sections 7 and 25, of Colorado's Constitution. The trial court's order does not specifically address those allegations. To the extent they suggest claims based solely on provisions of Colorado's Constitution, they are not germane to the analysis of the § 1983 claims. In his brief before this court, Crouse states that his "references" to federal constitutional provisions also "refer to" equivalent state constitutional provisions. We do not view this cryptic comment as constituting an appeal of the trial court's dismissal of any claims arguably based solely on alleged violations of rights protected by Colorado's Constitution.

it appears beyond doubt that the plaintiff cannot establish sufficient facts to support the claim. *Owens v. Rush,* 654 F.2d 1370 (10th Cir.1981).

In *Daniels,* 474 U.S. at 327, 106 S.Ct. at 662, and *Davidson,* 474 U.S. at 344, 106 S.Ct. at 668, the United States Supreme Court held that misconduct that was merely negligent would not support § 1983 actions filed by inmates against state prison officials on the basis of alleged violations of the due process clause of the fourteenth amendment. Assuming the same rationale applies to cases alleging use of excessive force by state officials effectuating arrests, Crouse's complaint alleges that Rivera's use of excessive force was intentional and shocks the conscience. Such allegations distinguish this case from those alleging merely negligent conduct.

The trial court properly recognized that the complaint sufficiently alleged a violation of fourteenth amendment due process rights against Rivera to survive a motion to dismiss for failure to state a claim for relief. It granted summary judgment in favor of Rivera, however, on the basis of the evidence contained in depositions and affidavits filed in the case. Our examination of the record reveals the existence of significant disputes over material facts. Therefore, summary judgment was not warranted.

■ Summary judgment is appropriate only when the record discloses no disputes of material facts. C.R.C.P. 56; *Persichini v. Brad Ragan, Inc.,* 735 P.2d 168 (Colo. 1987). In viewing evidence in the record, we must accord every benefit to Crouse, against whom the summary judgment was granted. *Mt. Emmons Mining Co. v. Crested Butte,* 690 P.2d 231 (Colo.1984). Judged from that perspective, the affidavits and depositions would support the factual determinations that at the time he was injured Crouse was unarmed, was being held forcibly in a kneeling position under the full control of Officer Lippold, and was in no manner resisting the officers' efforts to arrest him; that Rivera's weapon was at least two feet away from Crouse at the time it discharged; that the discharge left no gun powder traces either around Crouse's neck wound or on Rivera's uniform; that Crouse did not move his right hand while Lippold restrained him; and that one of the officers shouted, "Here's the asshole," just prior to his being forcibly dragged from his hiding place among some bushes. If believed, this evidence could lead a reasonable factfinder to conclude that the officers were angry after the lengthy chase, that Rivera intended to inflict harm upon Crouse and that under the circumstances the force used by Rivera was excessive.

■ The trial court's initial function in ruling on a motion for summary judgment is to determine whether any material facts are disputed—not to resolve those disputes or to assess the credibility of the parties or witnesses supplying the evidentiary matter. *Discovery Land & Dev. Co. v. Colorado–Aspen Dev. Corp.,* 40 Colo.App. 292, 577 P.2d 1101 (1977) (citing *Abrahamsen v. Mountain States Tel. & Tel. Co.,* 177 Colo. 422, 494 P.2d 1287 (1972)). We conclude that such disputes exist regarding the conduct of Rivera at the time Crouse was injured. We therefore reverse the trial court's summary judgment dismissing Crouse's § 1983 claim that by intentional application of excessive force Rivera deprived him of due process of law under the fourteenth amendment to the United States Constitution.

## B

In dismissing the § 1983 claims, the trial court did not address Crouse's allegations that his right to be free from unreasonable seizures under the fourth amendment to the United States Constitution was violated by Rivera's unreasonable use of excessive force. It is well settled that § 1983 provides remedies for misconduct of state officials that violates the liberty interests protected by the fourth amendment, as applied to the state through the due process clause of the fourteenth amendment. *Tennessee v. Garner,* 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985); *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) (overruled in part by *Monell v. Depart-*

*ment of Social Serv.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); *Lester v. City of Chicago,* 830 F.2d 706 (7th Cir.1987); *New v. City of Minneapolis,* 792 F.2d 724 (8th Cir.1986); *Fernandez v. Leonard,* 784 F.2d 1209 (1st Cir.1986); *Gilmere v. City of Atlanta,* 774 F.2d 1495 (11th Cir.1985), *cert. denied,* 476 U.S. 1115, 106 S.Ct. 1970, 90 L.Ed.2d 654 (1986); *Kidd v. O'Neil,* 774 F.2d 1252 (4th Cir.1985) (overruled by *Justice v. Dennis,* 834 F.2d 380 (4th Cir.1987)); *Robins v. Harum,* 773 F.2d 1004 (9th Cir. 1985); *Wilson v. Beebe,* 770 F.2d 578 (6th Cir.1985); *Garcia v. Wyckoff,* 615 F.Supp. 217 (D.Colo.1985). *See Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

Some courts have concluded that all § 1983 claims alleging excessive force by officials should be analyzed pursuant to the same standard whether based solely upon the due process clause of the fourteenth amendment or based upon the fourth amendment as applied to the states in the fourteenth amendment. *See Coon v. Ledbetter,* 780 F.2d 1158 (5th Cir.1986); *Jamieson v. Shaw,* 772 F.2d 1205 (5th Cir.1985). However, most courts employ a standard for fourth amendment claims that differs from the test adopted for fourteenth amendment claims. *See, e.g., Lester v. City of Chicago,* 830 F.2d 706 (7th Cir. 1987); *Fernandez v. Leonard,* 784 F.2d 1209 (1st Cir.1986); *Gilmere v. City of Atlanta,* 774 F.2d 1495 (11th Cir.1985), *cert. denied,* 476 U.S. 1115, 106 S.Ct. 1970, 90 L.Ed.2d 654 (1986); *Robins v. Harum,* 773 F.2d 1004 (9th Cir.1985); *Kidd v. O'Neil,* 774 F.2d 1252 (4th Cir.1985) (overruled by *Justice v. Dennis,* 834 F.2d 380 (4th Cir.1987). *See also Los Angeles v. Heller,* 475 U.S. 796, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986).

In *Tennessee v. Garner,* 471 U.S. at 1, 105 S.Ct. at 1694, the United States Supreme Court held that under the circumstances of the case a state statute authorizing police officers to use all necessary means to effect an arrest violated the fourth amendment's protection against unreasonable seizures when construed to justify the shooting death of an unarmed youth suspected of having committed a burglary. The Court rejected the common-law based argument that for purposes of the reasonableness standard of the fourth amendment probable cause to arrest was sufficient to justify the use of deadly force against fleeing felons in all circumstances. Rather, the majority held that in § 1983 suits alleging fourth amendment violations in the context of an arrest or seizure carried out by the use of force, the Court must balance the nature and quality of the intrusion on the individual's fourth amendment interests against the importance of the governmental interests allegedly justifying the intrusion to determine if the seizure was constitutionally reasonable. *Id.* at 8, 105 S.Ct. at 1699–70. *See also United States v. Place,* 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Factors for consideration in balancing these interests include the scope of the particular intrusion, the manner in which it was conducted, the justification for initiating it, and the place in which it was conducted. *Gilmere v. City of Atlanta,* 774 F.2d 1495, 1502 (11th Cir.1985), *cert. denied,* 476 U.S. 1115, 106 S.Ct. 1970, 90 L.Ed.2d 654 (1986) (citing *Bell v. Wolfish,* 441 U.S. 520, 529, 99 S.Ct. 1861, 1869, 60 L.Ed.2d 447 (1979)). This approach—determining the reasonableness of the seizure by applying the balancing test to the circumstances—has been followed in subsequent fourth amendment § 1983 cases. *Lester v. City of Chicago,* 830 F.2d 706 (7th Cir.1987). *See also Justice v. Dennis,* 834 F.2d 380 (4th Cir.1987).[7]

---

**7.** Prior to the decision in *Tennessee v. Garner,* 471 U.S. at 1, 105 S.Ct. at 1694, most courts adopted a fourteenth amendment due process analysis to address excessive force claims actions arising under § 1983. *See, e.g.,* Urbonya, *Establishing a Deprivation of a Constitutional Right to Personal Security Under Section 1983: The Use of Unjustified Force by State Officers in*

*Violation of the Fourth, Eighth and Fourteenth Amendments,* 51 Alb.L.Rev. 173–211 (1987). The United States Court of Appeals for the Fourth Circuit, however, has consistently applied a fourth amendment analysis to such claims. *See Kidd v. O'Neil,* 774 F.2d 1252 (4th Cir.1985) (overruled by *Justice v. Dennis,* 834

As we previously noted, in *Daniels,* 474 U.S. at 327, 106 S.Ct. 662, the Supreme Court held that negligent conduct was insufficient to sustain a § 1983 action against prison officials based on alleged violations of the due process clause of the fourteenth amendment. The *Daniels* decision did not determine whether negligent conduct could give rise to a § 1983 claim based on the fourth amendment—although the majority opinion specifically noted that the Court "need not rule out the possibility that there are other constitutional provisions that would be violated by mere lack of care in order to hold, as we do, that such conduct does not implicate the due process clause of the fourteenth amendment." *Id.* at 334, 106 S.Ct. at 667. At least one jurisdiction has concluded that under certain circumstances negligent conduct may constitute constitutionally unreasonable conduct for fourth amendment purposes. *Patterson v. Fuller,* 654 F.Supp. 418 (N.D. Ga.1987) (viable civil rights claim under fourth amendment asserted against officer on theory that he acted negligently in having his weapon cocked while standing over arrestee); *see also Leber v. Smith,* 773 F.2d 101 (6th Cir.1985), *cert. denied,* 475 U.S. 1084, 106 S.Ct. 1466, 89 L.Ed.2d 722 (1986) (issue in accidental shooting case was whether officer acted reasonably in drawing his weapon). *But cf. Dodd v. City of Norwich,* 827 F.2d 1 (2d Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 701, 90

L.Ed.2d 653 (1988) (negligent conduct never sufficient to invoke unreasonableness standards of fourth amendment).

As we indicated at the outset of this portion of the opinion, the trial court has not addressed the distinct issues posed by Crouse's assertions that Rivera's conduct impermissibly infringed important fourth amendment rights. We therefore do not resolve the question as it is framed by the Supreme Court's trilogy of *Daniels, Davidson* and *Garner.* Our reversal of the trial court's dismissal of Crouse's § 1983 claims against Rivera and our remand of the case to the trial court for further proceedings properly leaves to that forum the further development and initial resolution of this issue.

## IV

The City and Rivera, as cross-appellants, assert that the trial court erred in concluding that the notice of claim sent by Crouse to the City satisfied the provisions of section 24–10–109, 10 C.R.S. (1982) (amended 1986). They contend that the general language contained in the document failed to give adequate notice of the nature of Crouse's claims. We reject this argument.

Section 24–10–109 requires persons injured by a public entity to notify the entity of such injury and specifies information which the notice should contain.[8] The

---

F.2d 380 (4th Cir.1987)); *Jenkins v. Averett,* 424 F.2d 1228 (4th Cir.1970).

One federal circuit court of appeals has concluded that fourth amendment protections provide the exclusive basis for redress in such circumstances. *Lester v. City of Chicago,* 830 F.2d 706 (7th Cir.1987). The court in *Lester* articulated two reasons for rejecting reliance on the due process standard: (1) the terms of the fourth amendment specifically address arrest and seizure; and (2) the due process analysis was adopted prior to the application of the fourth amendment to the several states, and in recent excessive force cases the United States Supreme Court has employed a fourth amendment analysis without reference to due process standards. *Id.* at 712. *See Winston v. Lee,* 470 U.S. 753, 105 S.Ct. 1611, 84 L.Ed.2d 662 (1985); *United States v. Montoya de Hernandez,* 473 U.S. 531, 105 S.Ct. 3304, 87 L.Ed.2d 381 (1985). A few courts have specifically noted the availability of both avenues of analysis. *See Samples v. City of Atlanta,* 846 F.2d 1328 (11th Cir.1988);

*Trujillo v. Goodman,* 825 F.2d 1453 (10th Cir. 1987); *Fernandez v. Leonard,* 784 F.2d 1209 (1st Cir.1986). Two circuit courts of appeals have attempted to combine the two modes of analysis, with debatable success. *See New v. City of Minneapolis,* 792 F.2d 724 (8th Cir.1986); *Coon v. Ledbetter,* 780 F.2d 1158 (5th Cir.1986); *Jamieson v. Shaw,* 772 F.2d 1205 (5th Cir.1985). *See generally* Comment, *Excessive Force Claims: Removing the Double Standard,* 53 U.Chi.L.Rev. 1369–98 (1986) (supporting adoption of fourth amendment analysis).

8. Section 24–10–109 states in pertinent part as follows:

**Notice required—contents—to whom given—limitations.** (1) Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment shall file a written notice as provided in this section within one hundred eighty days after the date of the discovery of

purposes of requiring prompt notice to public entities of injuries allegedly resulting from the conduct of public officers include the goals of encouraging abatement of dangerous conditions and the desire to foster prompt settlement of meritorious claims. *See Antonopoulos v. Town of Telluride,* 187 Colo. 392, 532 P.2d 346 (Colo.1975); *Fisher v. City & County of Denver,* 123 Colo. 158, 225 P.2d 828 (1950). While the notice served by Crouse is not a model of specificity, it does contain sufficient information to substantially comply with the requirements of section 24–10–109.[9] We therefore affirm the trial court's ruling on this issue.

## V

For the foregoing reasons, the judgment of the trial court is affirmed insofar as it dismisses all § 1983 claims against the City, dismisses all common-law claims against the City based on conduct of City employees other than Rivera, and holds that Crouse satisfied the notice requirements of § 24–10–109, 10 C.R.S. (1982) (amended 1986). The judgment is reversed insofar as it awards attorney fees to the defendants, dismisses Crouse's § 1983 claims and common-law claims against Rivera, and dismisses Crouse's common-law claims against the City based on the doctrine of *respondeat superior.* The case is remanded to the trial court for further proceedings consistent with this opinion.

ERICKSON, J., concurs in part and dissents in part, in which VOLLACK, J., joins.

ERICKSON, Justice, concurring in part and dissenting in part:

I respectfully dissent to section III of the majority opinion addressing Crouse's right to recover pursuant to 42 U.S.C. § 1983.

In my view, *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), and *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986), hold that negligent misconduct does not support a claim for relief under section 1983. Although the language in *Daniels* may imply that constitutional provisions other than the fourteenth amendment provide a basis for section 1983 liability for mere negligence, the Court has not held that such recovery is permitted under the fourth amendment.

The attempted arrest in this case is alleged to be an unreasonable seizure that was conducted by police officers in a negligent manner. The fourth amendment only protects individuals against "unreasonable" seizures, not seizures conducted in a "negligent" manner. *See Dodd v. City of Norwich,* 827 F.2d 1, 8 (2d Cir.1987). The fourth amendment test balances the nature of the intrusion on the individual's interests against the importance of the governmental interests allegedly justifying the intrusion to determine if the seizure was constitutionally reasonable and does not involve a determination of negligence.

Because of the procedural posture of this case, I believe that the majority prematurely determines that the fourth amendment may provide a basis for relief under section 1983 for negligent conduct. In my view,

the injury. Substantial compliance with the notice provisions of this section shall be a condition precedent to any action brought under the provisions of this article, and failure of substantial compliance shall be a complete defense to any such action.

(2) The notice shall contain the following:

(a) The name and address of the claimant, and the name and address of his attorney, if any;

(b) A concise statement of the basis of the claim, including the date, time, place, and circumstances of the act, omission, or event complained of;

(c) The name and address of any public employee involved, if known;

(d) A concise statement of the nature and the extent of the injury claimed to have been suffered;

(e) A statement of the amount of monetary damages that is being requested....

Section 24–10–109, 10 C.R.S. (1982) (amended 1986).

**9.** In view of this holding, we need not address the implications of *Felder v. Casey,* — U.S. —, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988), wherein the United States Supreme Court recently held state notice of claim statutes preempted by the supremacy clause when a § 1983 action is brought in state court. *See also Charcon v. Zahorka,* 663 F.Supp. 90 (D.Colo.1987).

the majority's discussion of the fourth amendment in section III is dictum that is not essential to the resolution of the issues in this case.

I am authorized to say that Justice VOL-LACK joins in this concurrence and dissent.