773 F.2d 101
 Eugene A. LEBER; Richard P. Leber; and June M. Leber,
Plaintiffs-Appellants,
v.
Steven A. SMITH; Sheriff, Erie County, Wanda Jane Gladwell,
Admx.; Board of Erie County Commissioners,
Defendants-Appellees.
 No. 83-3387.
 United States Court of Appeals,
Sixth Circuit.
 Argued July 16, 1984.
Decided Sept. 20, 1985.
As Amended on Denial of Rehearing and Rehearing En Banc Nov. 6, 1985.
 
 Dennis E. Murray, Kirk J. Delli Bovi (argued), Murray & Murray Co., L.P.A., Sandusky, Ohio, for plaintiffs-appellants.
 David M. Jones, Barry Fissel (argued), Eastman & Smith, Toledo, Ohio, Gary Lickfelt, Raymond N. Watts, William E. Didelius, Sandusky, Thomas Manahan, Manahan, Pietrykowski, Bamman & Moore, Toledo, Ohio, for defendants-appellees.
 Before ENGEL and KENNEDY, Circuit Judges, and PECK, Senior Circuit Judge.
 JOHN W. PECK, Senior Circuit Judge.
 
 
 1
 This case is before the court upon an appeal from the order of the district court granting summary judgment in favor of the appellees in an action brought under 42 U.S.C. Sec. 1983. Appellants' amended complaint consisted of six counts, including Sec. 1983 claims against the Erie County Sheriff, an Erie County Sheriff's Deputy, the Board of Erie County Commissioners, and the individual Board members. Various pendent state claims were also asserted.
 
 
 2
 In the early morning hours of April 7, 1979, the Erie County Sheriff's Department received a telephone call from Richard Leber, the brother of appellant Eugene A. Leber. Richard expressed concern that his brother might attempt to commit suicide. In response, Deputy Sheriff Steven A. Smith and Sargeant Stanley C. Barrett went to the Leber residence, but Eugene Leber had already driven away. Richard once again indicated that he was concerned about his brother, who had been drinking, and wanted him brought home. Based upon information given to them by Richard, Barrett and Smith, in separate vehicles, began to search for Eugene Leber. Upon sighting Leber's vehicle, a high speed chase ensued. A Milan, Ohio, police officer who had been alerted by radio set up a partial roadblock which was successful in stopping Leber's car. Sargeant Barrett pulled up behind Leber's vehicle, got out with his gun drawn, and ordered Leber to exit his car, but Leber did not respond. Deputy Smith then arrived in his vehicle and stopped parallel to Leber's car. With gun drawn, Smith got out and began to run around the front of his vehicle.[1] He slipped on a patch of ice, stumbled, and accidentally discharged his weapon as he fell. Leber was struck by the bullet and as a result is permanently paralyzed below the level of his rib cage.
 
 
 3
 Leber[2] initiated this lawsuit, naming as defendants Smith and Erie County Sheriff Harold Gladwell[3] in both their individual and official capacities, the Board of Erie County Commissioners, and the individual Board members. Leber alleged that Smith was acting on his own behalf and on behalf of Sheriff Gladwell and the Board of Commissioners when Leber was shot, and that the shooting occurred in furtherance of custom established by the Board. He asserted that the actions by Smith, Gladwell and the Board were in violation of 42 U.S.C. Sec. 1983, and that Smith's actions were grossly wanton and reckless. He further alleged that the Board and its members were negligent and violated duties imposed upon them by the Ohio Revised Code in failing to exercise greater budgetary and financial responsibility and control in the equipping and training of the deputies of the Erie County Sheriff's Department, and in failing to secure an adequate amount of insurance coverage against liability for the Sheriff's Department.
 
 
 4
 Motions for summary judgment by all defendants were referred to a magistrate for report and recommendation. As to Smith's liability under Sec. 1983, the magistrate determined that the constitutional right in issue was the Fourth Amendment right against unreasonable searches and seizures. The magistrate concluded that because the issue of whether Smith's action in attempting to seize Leber was reasonable was a disputed question of fact, summary judgment was inappropriate on the issues of Smith's Sec. 1983 liability. As to Sheriff Gladwell's liability, the magistrate found that summary judgment was inappropriate because, under the facts as alleged, the Sheriff could be found liable for reckless failure to train and/or failure to create a custom or policy on the use of weapons. The magistrate recommended that summary judgment should be granted to the Board and the Commissioners on the count alleging failure to appropriate the required sums. Leber had also alleged that the Commissioners had a duty under Ohio Revised Code Sec. 305.03[4] to take action because of excessive absenteeism by Sheriff Gladwell. Because the record indicated that the Commissioners had some knowledge of Sheriff Gladwell's frequent absence, the magistrate found that summary judgment was inappropriate on that issue.
 
 
 5
 The district court, however, concluded that because there was no evidence in the record to indicate that Sheriff Gladwell was absent for ninety days, ORC Sec. 305.03 was inapplicable and thus the Commissioners were entitled to summary judgment. Further, the district court held that Smith was entitled to summary judgment on the Sec. 1983 claim because under the undisputed factual circumstances surrounding the shooting, there was no deprivation of a constitutional right. The court also held that Leber had failed to state a claim against Gladwell for reckless failure to properly train his deputies or to promulgate adequate regulations concerning the use of guns. Finally, having concluded that Leber failed to state any federal claim, the court declined to exercise jurisdiction over the pendent state claims.
 
 
 6
 On June 24, 1983, Leber filed a complaint in the Court of Common Pleas of Erie County, Ohio, which contained claims for common law negligence, gross negligence, recklessness, violation of duties imposed by Ohio statutes, and for the deprivation of rights secured by the Ohio Constitution. The complaint was based on the same incident as the instant action, and involved the same parties. A jury verdict and a judgment were entered in the Common Pleas Court, adjudicating the state common law liability of all defendants. Thus, the only claims on appeal are federal claims pursuant to Sec. 1983. Leber alleges that he has been deprived of liberty without due process of law under the due process clause of the Fourteenth Amendment and that his Fourth Amendment right to be secure in his person against unreasonable searches and seizures has been violated.
 
 
 7
 In the recent opinion of Wilson v. Beebe, 770 F.2d 578 (6th Cir.1985) (en banc ), this court was faced with a very similar fact situation. Wilson, the plaintiff, was injured when the gun of the defendant, Beebe, a Michigan state police officer, discharged as Beebe was attempting to handcuff Wilson during an arrest. Wilson brought suit against Beebe and others,[5] seeking damages under Sec. 1983 and under a pendent state claim of negligence. The district court held that there was no cause of action under Sec. 1983, but that Wilson was entitled to recover under his pendent state claim. Upon appeal, a panel of this court reversed the dismissal of the Sec. 1983 claim and remanded to the district court. 743 F.2d 342 (6th Cir.1984). Upon rehearing en banc, the court held that Wilson had failed to establish a cause of action under Sec. 1983. Before reaching this conclusion, the court first determined that Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), applies to cases involving deprivations of liberty interests as well as of property. In Parratt, the Supreme Court held that there is no cause of action for the random, unauthorized acts of a state official which deprive a person of property if the state provides an adequate postdeprivation remedy. Applying Parratt, the court in Wilson v. Beebe concluded that the conduct of Officer Beebe in arresting Wilson was contrary to established state procedure and training and was thus a "random and unauthorized act." Next, the court noted that the district court had applied the substantive law of Michigan to Wilson's pendent claim for negligence and had awarded substantial damages. Thus, the court concluded, the State of Michigan provided an adequate postdeprivation remedy. Addressing the issue of whether Wilson was entitled to prevail under Sec. 1983 on a substantive due process claim, the court concluded that Wilson did not plead or prove a "violation of the Fourth Amendment right to be free of unreasonable seizures or any other substantive right specified in the Constitution." Wilson, at 586. Finally, the court concluded that a substantive due process violation based upon official conduct which "shocks the conscience" requires an intentional, rather than a negligent act.
 
 
 8
 Although several differences exist between Wilson v. Beebe and the present case, we conclude that Wilson v. Beebe is dispositive. Here, as in Wilson v. Beebe, the conduct of the arresting officer was random and unauthorized and not the result of an established state procedure.[6] As to whether the State of Ohio provides an adequate postdeprivation remedy, the jury in the state court proceedings awarded over $10,000,000.00 to Leber and $150,000.00 to his parents.
 
 
 9
 One distinction between Wilson v. Beebe and the present case which merits discussion is that Wilson v. Beebe was "not tried or pleaded as one for the violation of the Fourth Amendment right to be free of unreasonable searches or any other substantive right specified in the Constitution." Wilson, at 586. In the case at bar, however, it appears that the Fourth Amendment issue was raised early in the proceedings; the magistrate's report and recommendation stated that the right at issue was the plaintiff's Fourth Amendment right to be secure in his person against unreasonable searches and seizures. In Tennessee v. Garner, --- U.S. ----, 105 S.Ct. 1694, 1699, 85 L.Ed.2d 1 (1985), the Supreme Court stated that "there can be no question that apprehension by the use of deadly force is a seizure subject to the reasonableness requirement of the Fourth Amendment." In Wilson v. Beebe, the court found that Wilson had only alleged a violation of his due process rights subsequent to his arrest, after the seizure was complete, and thus had not based his due process claim on the reasonableness of his arrest. In the instant case, however, it appears that a basis of Leber's due process claim is that the seizure was unreasonable in violation of the Fourth Amendment. As the magistrate noted in his report and recommendation, it is undisputed that the officers were engaged in a "seizure" of Leber as that term is used in the Fourth Amendment. See Mendenhall v. United States, 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980). The issue we must address, then, is whether Deputy Smith's actions were "reasonable" under the Fourth Amendment. It is undisputed that Smith unintentionally discharged his weapon as he slipped and fell; the question is whether he acted reasonably in drawing his gun. Deputy Smith, in an affidavit, stated: "It is not normal procedure to draw a weapon on a routine traffic stop, but I did so in this case because of the high speed pursuit, the report that Leber was possibly irrational and suicidal, and because it was dark." Deputy Smith, in his deposition testimony, further stated that he drew his gun because the actions of an emotionally disturbed, possibly suicidal person are unpredictable. Considering the factual circumstances surrounding the incident in question, we are unwilling to conclude that Deputy Smith acted unreasonably in drawing his weapon while approaching Leber's vehicle. Thus, we conclude that Leber failed to establish a substantive due process violation.
 
 
 10
 Because Leber has failed to establish either a procedural or a substantive due process violation, we hold that the district court correctly concluded that as a matter of law there existed no claims under Sec. 1983 against Deputy Smith, the Sheriff, the Board or the Commissioners. Having reached this conclusion, we need not consider the issue of good faith immunity in regard to Smith.
 
 
 11
 Accordingly, we affirm the order of the district court granting summary judgment.
 
 
 
 [1]
 Smith's weapon was a new Colt Python .357 Magnum which had never been fired; he had purchased it a short time before the accident. Smith had modified the weapon by adding a "trigger shoe," a device which attaches to the trigger and provides a larger surface area on the trigger. Smith testified that he did not cock the gun as he approached the Leber vehicle
 
 
 [2]
 Leber's parents were also named as plaintiffs. They asserted a claim for medical expenses and loss of services
 
 
 [3]
 Sheriff Gladwell died after the action was filed in district court; the administratrix of his estate was substituted as a party
 
 
 [4]
 Section 305.03 provides in pertinent part:
 Whenever any county officer is absent from the county for ninety consecutive days, except in case of sickness or injury as provided in this section, his office shall be deemed vacant and the board of county commissioners shall declare a vacancy to exist in such office.
 
 
 [5]
 Wilson also sued two supervisory officers. In an interlocutory appeal, this court affirmed the district court's dismissal of the counts pertaining to the supervisory officers because the complaint did not allege that those officers had a direct responsibility for the action of Officer Beebe. Wilson v. Beebe, 612 F.2d 275 (6th Cir.1980)
 
 
 [6]
 In Wilson v. Beebe, the district court had found that Officer Beebe acted contrary to his training in cocking his pistol while attempting to handcuff Wilson. In the present case, the rules and regulations of the Erie County Sheriff's Department provided that firearms should be drawn only when necessary, and further provided that weapons should be used to effect an apprehension only as a last resort. Based on this policy, it cannot be said that Smith drew his gun pursuant to established procedure