791 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
THOMAS F. EDWARDS, Plaintiff-Appellant,
v.
GARY LIVESAY, ET AL., Defendants-Appellees.
 84-6017
 United States Court of Appeals, Sixth Circuit.
 4/9/86
 
 AFFIRMED IN PART, VACATED IN PART AND REMANDED
 E.D.Tenn.
 ORDER
 BEFORE: KEITH and MARTIN, Circuit Judges; WEICK, Senior Circuit Judge.
 
 
 1
 This Tennessee pro se prisoner appeals from a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. Seeking monetary and injunctive relief, the plaintiff claimed that certain prison officials seized $21 from his personal trust account without his permission in violation of his due process rights and his right to be free from cruel and unusual punishment guaranteed under the eighth amendment of the federal constitution. Plaintiff stated that the money was sent to him from his family and that a prison regulation prohibits taking money from inmate trust accounts unless the monies are earned by the inmates while working in special programs of restitution established by the department of corrections. Since there is no such program at his correctional facility, plaintiff maintained that his money was illegally seized by the defendants. He also stated that the lack of funds deprived him of his right to care for his own personal hygiene. Finally, plaintiff stated that his grievances regarding this matter have gone unanswered by the defendants and that the grievance-system at the facility is totally futile.
 
 
 2
 The defendants filed a motion for summary judgment with accompanying affidavits. The defendants explained that a total of $21 was withdrawn from the plaintiff's account pursuant to T.C.A. Sec. 40-24-107. This law, as explained in memoranda accompanying the affidavits, authorizes the withdrawal of $21 from the personal trust accounts of all the inmates who have been convicted of certain specified crimes against property or persons. The money is deposited in the criminal injuries compensation fund which is used by the Tennessee Board of Claims to compensate victims of crimes. In response to the motion for summary judgment, plaintiff maintained that the withdrawal of the money was illegal because it was not earned by him as wages earned by his participating in any program of restitution. He also said that the withdrawal of the money was levied against him for his having been convicted on an escape charge which is not one of the crimes for which the levy of money is authorized as it is not a crime against property or persons.
 
 
 3
 Upon review of the cause, the district court dismissed the suit against the Commissioner for failure to state a claim as he could not be held liable under the doctrine of respondeat superior, and it granted the remaining defendants summary judgment concluding that the levy of the tax was proper under the circumstances of this case.
 
 
 4
 Upon review of the cause in light of the arguments presented by the parties, this Court concludes that the district court properly dismissed the suit against the Commissioner for failure to state a cause of action, and that it improperly entered summary judgment on the merits as to the remaining defendants and, instead, should have dis issed the suit for failure to state a cause of action. The suit was properly dismissed as it related to the Commissioner because the plaintiff did not demonstrate that the Commissioner condoned, encouraged or participated in the alleged wrongdoing. Belamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 105 S.Ct. 156 (1984); Dunn v. State of Tenn., 697 F.2d 121, 128 (6th Cir. 1982), cert. denied, 460 U.S. 1086 (1983); Hays v. Jefferson County, Ky., 668 F.2d 869 (6th Cir.), cert. denied, 459 U.S. 833 (1982). Being ultimately responsible for the alleged futile grievance-system does not establish the level of involvement necessary to state a cause of action against the Commissioner. Id.
 
 
 5
 As to the summary judgment entered for the remaining defendants, a review of the cause reflects that there does exist a genuine issue of material fact in this case. Adams v. Union Carbide Corp., 737 F.2d 1453, 1455-56 (6th Cir.), cert. denied, 105 S.Ct. 545 (1984). According to a memorandum issued by the Assistant Commissioner of the Department of Corrections, which memorandum was attached to the defendants' motion for summary judgment filed in the district court, inmates convicted of escape are not liable for the assessment under the T.C.A. Sec. 40-24-107 because this crime is not a crime against a person or property. In response to the motion for summary judgment, plaintiff argued that the assessment was made due to his conviction on an escape charge. The defendants have not refuted this assertion in the district court or in their appellate brief. The assertion, therefore, should have precluded summary judgment on the merits of plaintiff's claims because the crime of escape is specifically exempted from the assessment, and it is not otherwise disclosed on what conviction the assessment was authorized.
 
 
 6
 Despite the facial validity of plaintiff's claim that the assessment was improperly levied against him, it is clear that the plaintiff's claim does not state a violation of his constitutional rights. Plaintiff asserts a claim of an illegal taking of his property which was contrary to established state law. It was thus a random and unauthorized act. Four Seasons Apartment v. City of Mayfield Heights, 775 F.2d 150, 152 (6th Cir. 1985). As such, the claim fails to state a violation of procedural due process if there is an adequate remedy to pursue under state law. See Four Seasons Apartment v. City of Mayfield Heights, id.; Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985); Leber v. Smith, 773 F.2d 101, 104 (6th Cir. 1985). Adequate remedies for an unauthorized taking and conversion of personal property are clearly available under Tennessee State Law. See Vicory v. Walton, 721 F.2d 1062 (6th Cir.), cert. denied, 105 S.Ct. 125 (1984). Plaintiff, accordingly, failed to state a claim of deprivation of procedural due process under the federal constitution. The defendants' alleged conduct also was not so egregious as to violate substantive due process as the alleged illegality is not the type of conduct which 'shocks the conscience.' See Roberts v. City of Troy, 773 F.2d at 724; Wilson v. Beebe, 770 F.2d 578, 585-86 (6th Cir. (1985) (en banc); Vasquez v. City of Hamtramck, 757 F.2d 771, 773 (6th Cir. 1985) (Per curiam). Plaintiff's claim as asserted under the eighth amendment also fails to state a cause of action for this same reason. Roberts v. City of Troy, 773 F.2d at 723; Walker v. Mintzes, 771 F.2d 920, 925-26 (6th Cir. 1985). It is clear that the state courts offer the appropriate forum for plaintiff's cause of action, and not the federal courts. See Byrd v. Summit County of Ohio, 730 F.2d 442, 444 (6th Cir. 1984) (per curiam).
 
 
 7
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment dismissing the cause against the Commissioner for failure to state a claim is, accordingly, hereby affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit. The summary judgment awarded against the plaintiff, however, is hereby vacated pursuant to Rule 9(d)(4), Rules of the Sixth Circuit, and the cause is hereby remanded for entry of judgment dismissing plaintiff's suit against the remaining defendants for failure to state a cause of action. This action is necessary so as to prevent the preclusive effect of res judicata attaching to the summary judgment entered on the merits of plaintiff's claim.