802 F.2d 458
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rickey Lavon JONES, Plaintiff-Appellant,
v.
Gerald D. ROSS, Lexington-Fayette Urban County Government
and Frederick Harris, Defendants-Appellees.
 No. 85-5692.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1986.
 
 Before KEITH and MARTIN, Circuit Judges, and RUBIN,* Chief District Judge.
 PER CURIAM.
 
 
 1
 Rickey L. Jones appeals the district court's award of summary judgment to defendants Gerald Ross and the Lexington-Fayette Urban County Government in this action brought under 42 U.S.C. Sec. 1983.
 
 
 2
 On February 11, 1983, Rickey Jones was driving his car on a Lexington street when he was stopped by a city police officer for a routine traffic violation. The police officer, defendant Gerald Ross, contacted the communications officer at police headquarters to determine if there were any outstandin warrants against Jones. Twenty minutes later, when Jones was preparing to leave the scene, the communications officer informed Ross that there was an outstanding warrant for Rickey L. Jones for reckless driving, a misdemeanor traffic offense. Ross then stopped Jones again and informed him of the outstanding warrant. After frisking Jones and removing a pocket knife from his pocket, Ross placed Jones under arrest, handcuffed him, and transported him to the Fayette County
 
 
 3
 At the jail, Ross learned that the warrant had been issued not for the plaintiff, but for another Rickey L. Jones, a white male. The plaintiff, who is black, was then released from custody and was taken back to his car.
 
 
 4
 Jones filed this action under 42 U.S.C. 5 1983, alleging a deprivation of his liberty interest in violation of the due process clause of the Fourteenth Amendment. After the defendants filed their answer, Jones filed an amended complaint seeking to join Frederick Harris, the communications officer, as a defendant in the case. Jones then moved for summary judgment on the issue , of liability. The district court granted summary judgment to the defendants, and passed Jones' motion to amend the complaint as moot.
 
 
 5
 After the court's summary judgment ruling, Jones filed a motion to alter or amend the judgment pursuant to Rule 59(e), Fed. R. Civ. P. He also filed a motion for leave to file a second amended complaint under Rule 15(a), Fed. R. Civ. P. In this amended complaint Jones alleged that his arrest violated his substantive due process rights under the Fourth Amendment. Specifically, Jones argued that the arrest constituted an unreasonable seizure of the person. In the alternative, Jones claimed that if the illegal arrest was held to implicate procedural due process, the Kentucky courts provided an inadequate remedy against the defendants.
 
 
 6
 The district court denied both motions. In its memorandum accompanying the order, the court reiterated that it had reviewed the "entire record" [emphasis in original], and held that Jones had failed to state a cause of action under section 1983 "whether such due process is characterized as procedural or substantive." Jones then filed this appeal.
 
 
 7
 Here, Jones principally argues that the district court failed to consider his second amended complaint, which contained his substantive due process claim.[1] He contends that the district court's reasoning, and therefore its decision, was limited to his procedural due process claim, and did not address the merits of his substantive due process argument. Because of the liberal amendment policy of the federal rules, Jones argues, the court should have allowed the filing of the second amended complaint and should have addressed those arguments on the merits. He also argues that the district court's dismissal of his procedural due process claim was erroneous.
 
 
 8
 As we read the district court's opinion, its analysis was limited to Jones' procedural due process argument. Holding that under Parratt v. Taylor, 451 U.S. 527 (1981), the claim failed to state a cause of action under section 1983. The court reasoned that Parratt had held that a section 1983 claim that is premised solely on a deprivation of property by a denial of procedural due process under the Fourteenth Amendment fails if the act is random and authorized, and the state provides an adequate post-deprivation remedy.
 
 
 9
 In the time since judgment was entered dismissing Jones' complaint several intervening decisions affect the application of Parratt to these facts. Parratt was recently overruled in Daniels v. Williams, --- U.S. ----, 1O6 S. Ct. 662, 665 (1986) "to the extent that it states that mere lack of due care by a state official may 'deprive' an individual of life, liberty or property under the Fourteenth Amendment." Daniels holds that negligent conduct of a state official, even though causing injury, does not constitute a deprivation under the Fourteenth Amendment, declaring, "[f]ar from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law." Id. at 665.
 
 
 10
 Daniels and its companion case, Davidson v. Cannon, --- U.S. ----, 106 S. Ct. 668 (1986), rejected Parratt only insofar as it allowed negligence on the part of state officials to give rise to a cognizable section 1983 claim. The framework established in Parratt for analyzing procedural due process claims under section 1983 remains in effect. This Circuit thoroughly explained this framework in Wilson v. Beebe, 770 F.2d 578 (6th Cir. 1985) (en banc), which extended Parratt to deprivations of liberty as well as of property interests.
 
 
 11
 Wilson v. Beebe, therefore, speaks directly to Jones' procedual due process claim. Wilson applied the two-prong Parratt test to a police officer's unintentional shooting of an apprehended suspect. The court found first that the state official's act was "random and unauthorized," and therefore could not have been prevented by the State. Id. at 584. After satisfying this initial prong of the Parratt test, the court next found that the substantive law of Michigan provided an adequate postdeprivation remedy for Beebe's injury, and therefore denied his procedural due process claim. Id.
 
 
 12
 Here, the district court did not explicitly address the first prong of the Parratt test; no finding was made as to whether Ross acted in accordance with established state procedures. However, Ross described the applicable state procedure in his deposition, which was a part of the record below:
 
 
 13
 Q. --you gave them, I'm assuming, his date of birth and social security number?
 
 
 14
 Ross: Yes, sir, there's a procedure we follow. I'll demonstrate with my own driver's license. Give my unit number to information, wait for them to reply, I would like a 1029, which is warrants checks, and 0. L. check, check on the status of the driver's license, on Gerald D., David, Ross, spelling last name, R, Robert, o-s-s, male, white D.O.B. 11/25/56, social security number pqt-ru-mtmb
 
 
 15
 Ross then stated that when Jones' date of birth was confirmed by the communications office, he placed Jones under arrest.
 
 
 16
 Obviously, if the established procedures had been followed correctly the plaintiff in this case would not have been arrested, as none of his vital statistics matched those of the Rickey Jones for whom the warrant was actually issued. We therefore conclude that Ross and/or Harris acted contrary to established state procedure, depriving Jones of any opportunity to be heard before his arrest.
 
 
 17
 In addressing the second prong of the Parratt test, the district court squarely held, and we agree, that Kentucky law provides an adequate postdeprivation remedy in its common law actions for false arrest and false imprisonment. Lexington-Fayette Urban County Gov't v. Middleton, 555 S.W.2d 613 (Ky. App. 1977). To be sufficient the state remedy need not provide all the relief which might have been afforded the plaintiff under section 1983. Parratt, 451 U.S. at 544. As both prongs of Parratt are thereby satisfied, we believe that the district court was correct in denying Jones' procedural due process claim.
 
 
 18
 We next examine Jones' argument that the district court failed to consider his substantive due process claim, which Jones raised in a second amended complaint tendered after summary judgment was granted to the defendants. The district court declined to accept the amended complaint, in which Jones asserts that his Fourth Amendment rights were directly violated by his arrest. He argues that because his claim arises from a specific constitutional right, it is not barred under the Parratt reasoning.
 
 
 19
 The district court's order denying Jones' motion to alter or amend under Rule 59(e) and his motion for leave to file his amended complaint under Rule 15(a) stated that "the plaintiff has failed to state a claim under 42 U.S.C. Sec. 1933 because he has failed to sufficiently allege a violation of the 14th Amendment, whether such due process is characterized --as procedural or substantive. This case is nothing more than a false arrest/false imprisonment case, for which adequate remedies exist at common law in state court."
 
 
 20
 Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." A district court's denial of leave to file an amended complaint is reviewable on an abuse of discretion basis. Marx v. Centran Corp., 747 F.2d 1536, 150 (6th Cir. 1984). Where an "apparent or declared" reason exists to deny the amendment, the judgment of the district court should be upheld. Foman v. Davis, 371 U.S. 178, 182 (1962).
 
 
 21
 It is well established that if an amendment to a complaint would be futile, leave to amend may properly be denied by the district court. Marx, 747 F.2d at 1550. We agree with the district court's implication the amendment in this case would clearly have been futile. Even Leber v. Smith, 773 F.2d 101 (6th Cir. 1985), a substantive due process case not cited by Jones, does not alter our conclusion that the amendment would be futile. Here, as in Leber, the actions of the officer were clearly reasonable, and a remand for further findings by the district court would serve no purpose.
 
 
 22
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Carl B. Rubin, Chief United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Jones also asserted this argument at the briefing stage of the motions for summary judgment, in his "Memorandum in Response to the Defendants' Motion for Summary Judgment."