**Ralph Dwayne MILLER, Plaintiff-Appellant,**

v.

**Dick I. TAYLOR, City of Knoxville, Defendants-Appellees.**

No. 88–5230.

United States Court of Appeals, Sixth Circuit.

Argued April 17, 1989.

Decided June 9, 1989.

**470**

Michael J. Miller argued, Jacobi & Miller, Alexandria, Va., for plaintiff-appellant.

Frank B. Aycock, III, Charlotte, N.C., Charles F. Sterchi, III, Carpenter & O'Connor, Louis Hofferbert, Tom Varlan, Director of Law, John T. Batson, Jr., City of Knoxville Law Dept., Knoxville, Tenn., Joseph B. Marshall, Circle Pines, Minn., John C. Duffy argued, Watson, Reeves & Beeler, Knoxville, Tenn., for defendants-appellees.

Before KEITH and KENNEDY, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

In this 42 U.S.C. § 1983 case, Plaintiff Ralph Dwayne Miller appeals a jury verdict in favor of Defendants Officer Taylor of the Knoxville Police Department, and the City of Knoxville, Tennessee. Plaintiff contends that the trial court erroneously instructed the jury on the burden of proving self-defense, and on the standard of reasonableness against which to measure Officer Taylor's use of deadly force. We find no error in the trial court's charge to the jury.[1] Accordingly, we affirm.

1. Since we find no error in the jury instructions, we find it unnecessary to address the procedural issue of Plaintiff's compliance with Fed.R.Civ.

I.

On the evening of July 30, 1986, Officer Taylor observed Plaintiff driving a motorcycle carrying a female passenger without a helmet in violation of Tennessee law. Taylor pulled Plaintiff over and requested that the female passenger get off the motorcycle. After she dismounted, Officer Taylor allegedly ordered Plaintiff to pull his motorcycle over to the side of the road. Plaintiff contends that he never heard Officer Taylor's instruction, and that he instead pulled into a parking lot around the block. Officer Taylor believed, however, that Plaintiff had left the scene and ignored his instruction to pull over and park. After a futile search for the Plaintiff, Taylor temporarily abandoned his pursuit. Later that evening, while patrolling near the female passenger's apartment, Taylor discovered Plaintiff's motorcycle in a parking lot. While investigating the motorcycle, Plaintiff appeared in the parking lot and was confronted by Officer Taylor who requested to see some identification.

The subsequent events were hotly disputed by the parties at trial. Plaintiff alleged that he complied with Officer Taylor's order to approach the police cruiser, but without provocation, Taylor struck him with his night stick. Plaintiff maintained that while trying to defend himself he exchanged several blows with Taylor. Conversely, Officer Taylor contended that Plaintiff did not comply with his request to enter the police cruiser, and that Plaintiff attacked him and hit him with his fists. Taylor alleged that Plaintiff grabbed for Taylor's holster to which he responded by hitting Plaintiff with his night stick. Taylor claimed that he lost control of the night stick and subsequently received "stunning blows to his head with a blunt instrument." Allegedly fearing for his life, Taylor drew his weapon and fired one shot, but he continued to receive blows to the head. Taylor then fired a second shot that hit Plaintiff. As a result, Plaintiff was permanently paralyzed from the waist down.

P. 51 regarding the timeliness and sufficiency of Plaintiff's objections to the jury instructions.

Plaintiff sued Officer Taylor and the City of Knoxville under section 1983 alleging that Taylor's use of deadly force was excessive and unreasonable under the circumstances. After a six day jury trial, however, the jury found in favor of the Defendants. This timely appeal ensued.

On appeal, Plaintiff's claims of error focus narrowly on the following jury instruction:

If an officer is attacked while he is making an arrest or an investigative stop, he has a right to defend himself, and if the nature of the attack gives him reasonable grounds to believe he is threatened with serious physical harm, he may even use deadly force.

Plaintiff submits that in this instruction, the trial court erroneously charged the jury with a subjective rather than an objective standard of reasonableness for measuring Taylor's use of deadly force. Furthermore, Plaintiff contends that the trial court erred in failing to instruct the jury that Officer Taylor's reliance on "self-defense" was an affirmative defense on which he bore the burden of proof.

"A reviewing court, when considering a claimed error or omission in jury instructions must consider the charge as a whole to see if it 'fairly and adequately' submits the issues and applicable law to the jury." *Donald v. Wilson*, 847 F.2d 1191, 1199 (6th Cir.1988) (quoting *United States v. Martin*, 740 F.2d 1352, 1361 (6th Cir.1984), *cert. denied*, 472 U.S. 1029, 105 S.Ct. 3506, 87 L.Ed.2d 636(1985)); *see Blackwell v. Sun Electric Corp.*, 696 F.2d 1176, 1181 (6th Cir.1983). Upon reviewing the jury instructions as a whole, we find no error in the district court's charge to the jury.

■ Initially we find no merit in Plaintiff's contention that the trial court erred in its instruction to the jury on the standard of reasonableness against which to measure Officer Taylor's use of deadly force. Placing the single challenged sentence in the context of its paragraph, the true objec-

tive nature of the jury charge on reasonableness predominates:

Now, an officer may not strike a detainee who has not physically resisted detention. In making a lawful arrest, an officer may use such force as is reasonably necessary, short of endangering the life of the person arrested. What is reasonably necessary, of course, will vary with the facts and circumstances of each case. If an officer is attacked while he is making an arrest or an investigative stop, he has a right to defend himself, *and if the nature of the attack gives him reasonable grounds to believe he is threatened with serious physical harm, he may even use deadly force.* An officer always has the right to use such force as is necessary to protect himself against death or great bodily harm. (emphasis added).

When read in the context of the entire paragraph, the references to "him" and "he" in the disputed sentence clearly allude to "an officer," not to Officer Taylor in particular. Furthermore, any inference of subjective reasonableness which could be drawn from the sentence is quickly dispelled by the accompanying language which includes the following charge to the jury: "as you can see the test is simply one of reasonableness. You must determine whether or not Officer Taylor used more force than was reasonably necessary under the circumstances." The objective test of acting "reasonably under the circumstances" was repeated throughout the jury instructions.[2] Consequently, we conclude that the jury instructions sufficiently related to the jury the applicable objective standard for measuring the reasonableness of Officer Taylor's use of deadly force. *See Leber v. Smith*, 773 F.2d 101, 105 (6th Cir.1985), *cert. denied*, 475 U.S. 1084, 106 S.Ct. 1466, 89 L.Ed.2d 722 (1986).

■ Likewise, we are unimpressed by Plaintiff's further contention that the trial court erred in failing to instruct the jury

---

2. Regarding Mr. Miller's burden of proving by a preponderance of the evidence that Taylor acted unreasonably, the trial court stated in part, "... if Mr. Miller has carried his burden of proof, and you have found that Officer Taylor acted unreasonably; that he used more force than was necessary under the circumstances."

that the burden of proof on the issue of "self-defense" rested on Officer Taylor. To recover under section 1983, a plaintiff must prove (1) that he was deprived of a right secured by the Federal Constitution or laws of the United States, and (2) that the deprivation was caused under color of state law. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981); *Flagg Bros. v. Brooks,* 436 U.S. 149, 155–57, 98 S.Ct. 1729, 1732–33, 56 L.Ed.2d 185 (1978); *Ana Leon T. v. Federal Reserve Bank,* 823 F.2d 928, 931 (6th Cir.1987) (per curiam), *cert. denied,* — U.S. —, —, 108 S.Ct. 333, 1066, 98 L.Ed.2d 360, 1028 (1988). Absent either element, a claim will not be stated. In a section 1983 action where the alleged deprivation of a federal right is the use of excessive force, therefore, the plaintiff bears the burden of proving that defendant used excessive force, or that the force used was unreasonable under the circumstances. *Wing v. Britton,* 748 F.2d 494, 497 (8th Cir.1984); *Edwards v. City of Philadelphia,* 860 F.2d 568, 573 (3rd Cir.1988); *Cf. Wilson v. Beebe,* 770 F.2d 578, 586–87 (6th Cir.1985) (en banc); *Lewis v. Downs,* 774 F.2d 711 (6th Cir.1985).

Since the use of deadly force by a police officer is constitutionally permissible under some circumstances,[3] proof of defendant's use of deadly force alone would not satisfy the first element of a section 1983 claim. Thus, unlike the common-law tort of battery, to which self-defense is traditionally an affirmative defense with the burden of justifying the force used falling upon the defendant, Plaintiff here was required to show that Officer Taylor's use of force was unjustified in order to state a constitutional deprivation. *See Leber v. Smith,* 773 F.2d 101, 105 (6th Cir.1985), *cert. denied,* 475 U.S. 1084, 106 S.Ct. 1466, 89 L.Ed.2d 722 (1986). Plaintiff has cited no authority for the proposition that in a section 1983 suit, the defendant has the burden to demon-

strate that his use of force was in fact reasonable. *Cf. Davis v. Lane,* 814 F.2d 397, 401 (7th Cir.1987) ("To prevail on an eighth amendment claim, a plaintiff bears the burden of proof on every element, including the burden of proving that the defendants acted *without* justification."). We therefore reject Plaintiff's attempt to shift the burden of proof as to the reasonableness of Officer Taylor's actions. Accordingly, the district court properly refused to give the requested self-defense instruction.

For the foregoing reasons, we conclude that the trial court's jury instructions provide no reversible error and, accordingly, we affirm.

---

**3.** Pursuant to *Tennessee v. Garner,* 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985), the use of deadly force by an officer to prevent a suspect's escape is authorized where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the

officer or to others. *Id.* at 11, 105 S.Ct. at 1701. Thus, if the suspect threatens the officer with the infliction of serious physical harm, deadly force may be used and its use would not violate the Constitution. *See id.* at 11, 105 S.Ct. at 1701.