BATCHELDER, J., delivered the opinion of the court in which HOOD, D.J., joined, and STRANCH, J., joined in part. STRANCH, J. (pp. 372-77), delivered a separate opinion concurring in part and dissenting in part.
OPINION
ALICE M. BATCHELDER, Circuit Judge.
In this interlocutory appeal from a denial of a motion for summary judgment, the defendant police officers argue that the plaintiffs evidence did not create a genuine dispute of material fact so as to overcome their assertion of qualified immunity. We establish our appellate jurisdiction and AFFIRM.
*369 I. FACTS AND PROCEDURAL HISTORY
In the early morning hours of April 28, 2010, Gregory Thompson was driving his car erratically on a two-lane Tennessee highway. After nearly colliding head on with City of Lebanon Police Officer David McKinley, Thompson reversed course and sped away. Officer McKinley gave chase, later joined by fellow Officer Mitchell McDannald. After approximately six minutes of high-speed driving, Thompson swerved, spun 360 degrees, and ran off the road into a ditch.
Once the officers came to a stop, Officer McKinley exited his patrol car, ran toward Thompson’s crashed car with firearm drawn, and fired one round. Officer McDannald followed Officer McKinley with his own firearm drawn; after Officer McKinley’s shot, Officer McDannald aimed at Thompson’s car and fired thirteen rounds. The shooting ended within nineteen seconds of the crash. Thompson sat behind the wheel of his vehicle the entire time and did not make any threatening moves. It is unknown whether he was even conscious at the time. Thompson died at the scene due to the gunshot wounds.
Melinda Thompson, Thompson’s stepmother and the administrator of his estate, sued Officers McKinley and McDannald, their supervisors, and the City of Lebanon under 42 U.S.C. § 1983 and Tennessee state law. She alleged that Officers McKinley and McDannald used excessive force to seize Thompson in violation of his Fourth Amendment rights, and that the other defendants were liable for the officers’ actions.
All defendants moved for summary judgment, Officers McKinley and McDan-nald on grounds of qualified immunity. The district court noted a number of disputed facts surrounding the alleged constitutional violation, including “whether McKinley intended to shoot and the trajectory of his bullet,” and “whether there continued to be a perceived risk from Thompson even after McDannald fired the first, second, third, or fourth through twelfth shots at him.” Op. at 22, 28. Viewing the evidence in the light most favorable to the plaintiff, the district court held that Officers McKinley and McDannald were not entitled to qualified immunity. The court also denied the City’s motion for summary judgment on Thompson’s § 1983 claims of failure to screen, failure to train, and failure to supervise, investigate, and discipline, upon finding genuine disputes of material fact on these issues. Summary judgment on the state-law claims was denied on the same basis. The district court granted the officers’ supervisors qualified immunity, and dismissed those defendants from the case.
Officers McKinley and McDannald then filed this interlocutory appeal, arguing that the district court erred in denying their motion for summary judgment on grounds of qualified immunity. The City joined the appeal under a theory of pendent appellate jurisdiction.
II. ANALYSIS
Qualified immunity shields government officials from standing trial for civil liability in their performance of discretionary functions unless their actions violate clearly established rights. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). A plaintiff who brings a § 1983 action against such an official bears the burden of overcoming the qualified immunity defense. Quigley v. Tuong Vinh Thai, 707 F.3d 675, 681 (6th Cir. 2013). At the summary judgment stage, the plaintiff must show that (1) the defendant violated a constitutional right and (2) that right was clearly established. Id. at 680. In so doing, the plaintiff must, *370 at a minimum, offer sufficient evidence to create a “genuine issue of fact,” that is, “evidence on which [a] jury could reasonably find for the plaintiff.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
If the district court determines that the plaintiffs evidence would reasonably support a jury’s finding that the defendant violated a clearly established right, it must deny summary judgment. DiLuzio v. Vill. of Yorkville, 796 F.3d 604, 609 (6th Cir. 2015). The denial of summary judgment is ordinarily not a final decision .within the meaning of 28 U.S.C. § 1291 and is not immediately appealable. But the “denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable ‘final decision’ within the meaning of [] § 1291 notwithstanding the absence of a final judgment.” Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).
We may decide an appeal challenging the district court’s legal determination that the defendant’s actions violated a constitutional right or that the right was clearly established. Id. We may also decide an appeal challenging a legal aspect of the district court’s factual determinations, such as whether the district court properly assessed the incontrovertible record evidence. See Plumhoff v. Rickard, 572 U.S. -, 134 S.Ct. 2012, 2019, 188 L.Ed.2d 1056 (2014); Roberson v. Torres, 770 F.3d 398, 402 (6th Cir. 2014). And we may decide, as a legal' question, an appeal challenging the district court’s factual determination insofar as the challenge contests that determination as “blatantly contradicted by the record, so that no reasonable jury could believe it.” Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007); see also Plumhoff, 134 S.Ct. at 2020.
We may not, however, decide an appeal challenging the district court’s determination of “ ‘evidence sufficiency,’ i.e., which facts a party may, or may not, be able to prove at trial.” Johnson v. Jones, 515 U.S. 304, 313, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). Because such a challenge is purely fact-based, it “does not present a legal question in the sense in which the term was used in Mitchell,” Plumhoff, 134 S.Ct. at 2019, and is therefore not an appealable “final decision” within the meaning of 28 U.S.C. § 1291. These types of prohibited fact-based (“evidence sufficiency”) appeals challenge only the plaintiffs allegations (and the district court’s acceptance) of “what [actually] occurred[] or why an action was taken or omitted,” Ortiz v. Jordan, 562 U.S. 180, 190, 131 S.Ct. 884, 178 L.Ed.2d 703 (2011), who did it, Johnson, 515 U.S. at 307, 115 S.Ct. 2151, or “nothing more than whether the evidence could support a [jury’s] finding that particular conduct occurred,” Behrens v. Pelletier, 516 U.S. 299, 313, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996). We have also explained that the defendant-appellant may not challenge the inferences the district court draws from those facts, as that too is a prohibited fact-based appeal. See Romo v. Largen, 723 F.3d 670, 673-74 (6th Cir. 2013).
When legal and factual issues are confused or entwined, “we must ‘separate an appealed order’s reviewable determination (that a given set of facts violates clearly established law) from its unreviewable determination (that an issue of fact is “genuine”).’ ” Roberson, 770 F.3d at 402 (quoting Johnson, 515 U.S. at 319, 115 S.Ct. 2151). In the same way, we separate an appellant’s reviewable challenges from the unreviewable. DiLuzio, 796 F.3d at 610. In other words, we “ignore the defendant’s attempts to dispute the facts and nonetheless resolve the legal issue, obviat *371 ing the need to dismiss the entire appeal for lack of jurisdiction.” Estate of Carter v. City of Detroit, 408 F.3d 305, 310 (6th Cir. 2005).
A substantial portion of the officers’ brief focuses on the insufficiency of the evidence before the district court to create a material issue of fact. They claim that the evidence showed that Officer McKinley’s shot was accidental, and that no evidence showed that Thompson submitted to the officers’ authority. They challenge the district court’s observation that Thompson may not have been conscious. We lack jurisdiction to review these arguments.
Nevertheless the officers raise three legal issues which we can decide on the basis of the plaintiffs version of the facts as recognized by the district court. On each issue, we affirm the district court’s denial of summary judgment.
The first legal issue is whether Officer McKinley seized Thompson. Officer McKinley argues that the district court erred in relying on Floyd v. City of Detroit, 518 F.3d 398 (6th Cir. 2008), to conclude that he did. Floyd affirmed the denial of qualified immunity on facts similar to those in this case. Officers Quaine and Reynoso both fired their guns at Ronald Floyd under circumstances which did not justify the use of deadly force. Id. at 402-OS. It was undisputed that Officer Quaine’s bullet did not hit Floyd, and that Officer Reynoso’s did. Id. at 402. The court reasoned that “Quaine’s firing his weapon at Floyd was a show of authority that actually had the intended effect of contributing to Floyd’s immediate restraint” — and it was thus a seizure. Id. at 406. Officer Quaine was also partially responsible for Officer Reynoso’s actions because “Quaine’s own use of deadly force escalated the situation by unambiguously signaling that such force was called for.” Id. at 406-07.
Floyd directly applies to the plaintiffs version of the facts. The plaintiff presented evidence that Officer McKinley’s shot was intentional, not accidental as he claimed. The district court summarized this evidence as follows:
(1) McDannald’s interrogatory responses stated that at the time of the shooting, “Thompson’s driver side window was down,” calling into question McKinley’s statement that he was attempting to remove his baton to break Thompson’s window; (2) there are conflicting assessments of whether the video evidence shows McKinley transitioning his weapon or stumbling; [(3)] McDan-nald’s story about what he observed when he first started shooting has changed over time; (4) Officer Paris observed McKinley standing upright with his gun trained on Thompson while McDannald was shooting; and (5) McKinley did not initially inform the sergeant on the scene that he slipped or that his shot was accidental.
Op. at 20. On these facts Officer McKinley’s shot, leading as it did to Officer McDannald’s shots, “had the intended effect of contributing to [Thompson’s] immediate restraint,” and under Floyd this was a seizure. Floyd, 518 F.3d at 406. It does not matter that the plaintiff has admitted that Officer McKinley’s bullet did not hit Thompson. See Appellants’ Br. of Officers McKinley & McDannald, App. R. 41 at 42 (quoting the plaintiffs admission). The district court correctly applied Floyd to the plaintiffs version of the facts, and we affirm the district court’s denial of summary judgment on this issue.
The second legal issue is whether Officer McKinley’s actions — as described by the plaintiffs evidence — were objectively unreasonable, and whether the law clearly established that unreasonable *372 ness at the time of the incident. Again, on the plaintiffs version of the facts, the answer to both questions is “yes.” The officers concede that “Thompson made no efforts to flee the vehicle, and that[] the total time during which McKinley exited his vehicle, ran towards the crash site, descended the embankment, gave Thompson two commands, and wielded and discharged his weapon was less than fifteen seconds.” Op. at 24. And as we have already noted, the plaintiff presented evidence that Officer McKinley fired his weapon intentionally. It is clearly established that using deadly force against a suspect who does not pose a threat to anyone and is not committing a crime or attempting to evade arrest violates the suspect’s Fourth Amendment rights. Murray-Ruhl v. Passinault, 246 Fed.Appx. •338, 347 (6th Cir. 2007); Ciminillo v. Streicher, 434 . F.3d 461, 467 (6th Cir. 2006). The officers cite two cases to support their contrary conclusion, but in both of these cases the discharge of the weapon was undisputedly accidental. Tallman v. Elizabethtown Police Dep’t, 167 Fed.Appx. 459, 463 (6th Cir. 2006); Leber v. Smith, 773 F.2d 101, 105 (6th Cir. 1985). Here, because the plaintiff provided evidence that McKinley’s shot was not accidental, Tollman and Leber are inapposite. We affirm the district court’s denial of summary judgment on grounds of qualified immunity to Officer McKinley.
The third and final legal issue presented on appeal is whether Officer McDannald’s actions were objectively unreasonable, and whether the law was clearly established. Again, looking at the plaintiffs version of the facts, we affirm the district court’s denial of qualified immunity. If a jury were to believe the plaintiffs version of the events, it could find that a reasonable officer would have been on notice that firing thirteen rounds into Thompson’s vehicle and person violated his Fourth Amendment rights “when Thompson had been seen to do nothing more than flee from police during the vehicular pursuit for potential driving under the influence.” Op. at 25; see also Murray-Ruhl, 246 Fed.Appx. at 347 (recognizing that Tennessee v. Garner, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985), provides a clearly established right against the use of deadly force when there is no reason “to believe that the suspect pose[s] an immediate risk of death or serious danger” (quoting Smith v. Cupp, 430 F.3d 766, 776 (6th Cir. 2005) (alteration omitted))).
Because we conclude that the district court correctly denied the defendants summary judgment on whether Officers McKinley and McDannald committed a constitutional violation, we lack pendent appellate jurisdiction over the City’s interlocutory appeal of the denial of its summary judgment motion. See Martin v. City of Broadview Heights, 712 F.3d 951, 963 (6th Cir. 2013) (noting that such issues are only reviewable on interlocutory appeal under the court’s pendent appellate jurisdiction). We likewise lack pendent appellate jurisdiction to review the district court’s denial of summary judgment on the plaintiffs state-law claims.
III. CONCLUSION
We therefore DENY the plaintiffs motion to dismiss for lack of appellate jurisdiction as to the issues of law raised by Officers McKinley and McDannald, and we AFFIRM the district court’s denial of summary judgment as to those issues. We GRANT the plaintiffs motion as to the City’s appeal and in all other respects.