Majorie RUBEK as Guardian Ad Litem of Lavita Running Bird, a minor; Genevieve Zelenka as Guardian Ad Litem of Jimmy Seitz, a minor; Alva Bear Heels, as Guardian Ad Litem of Michelle Bear Heels, a minor; Alva Bear Heels, as Guardian Ad Litem of Alvin Bear Heels, Jr., a minor; Janice Castaway, as Guardian Ad Litem of Cory Castaway, a minor and Linda Apple, as Guardian Ad Litem of Antonio Apple, a minor, Appellants,

v.

Don BARNHART, individually and as Superintendent of White River School District 47–1; Robert Spelts, individually and as Elementary Principal of White River School District 47–1, Appellees,

and Kathy McGeehon, individually and as second grade teacher for White River School District 47–1.

No. 86–5137.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1986.

Decided April 3, 1987.

Michael Strain, White River, S.D., for appellants.

Robert L. Lewis, Rapid City, S.D., for appellees.

1284

Before HEANEY and ROSS, Circuit Judges, and LARSON,* District Judge.

ROSS, Circuit Judge.

Plaintiffs/appellants are five mothers or foster mothers acting as guardians ad litem for six children attending public school in White River, South Dakota. All six children were at one time students of Kathy McGeehon, a second-grade teacher in the White River School District. Plaintiffs filed suit in district court under the provisions of 42 U.S.C. § 1983 claiming substantive due process violations as a result of sustaining physical and emotional abuse in the form of disciplinary corporal punishment by their teacher, Kathy McGeehon. Plaintiffs also alleged pendant state law violations of assault and battery and intentional infliction of emotional distress stemming from such abuse. In addition to McGeehon, plaintiffs named as defendants Robert Spelts, elementary principal, and Donald Barnhart, White River School District Superintendent, for their alleged failure to supervise and prevent McGeehon from violating the students' constitutional rights.

The case was tried before a jury. At the close of plaintiffs' case, the district court judge granted defendants' motion for a directed verdict in favor of Barnhart and Spelts on the section 1983 cause of action. All motions for directed verdict in favor of Kathy McGeehon were denied and the jury subsequently found against McGeehon on two of the pendant state tort claims of assault and battery, but found in favor of McGeehon on the section 1983 issue.

On appeal plaintiffs argue that the district court erred in granting directed verdicts in favor of Barnhart and Spelts on the section 1983 claim. It is worth noting that plaintiffs do not appeal the findings by the jury that Kathy McGeehon's use of corporal punishment did not amount to a constitutional violation cognizable under section 1983. For the reasons set forth below, we affirm the judgment of the district court.

* The HONORABLE EARL R. LARSON, Senior Judge, United States District Court for the Dis-

trict of Minnesota, sitting by designation.

## I.

The evidence produced at trial revealed that for the ostensible purpose of maintaining discipline and control in her classroom, Kathy McGeehon slapped and kicked several of her second-grade students, called them derogatory names and hit them with a wooden paddle. Although parents complained on several occasions to either Principal Spelts or Superintendent Barnhart, no decisive action was taken to prevent McGeehon's further use of corporal punishment until just prior to the initiation of this lawsuit at which time McGeehon was requested to resign her teaching position in the White River School District. Appellants argue that Barnhart and Spelts' failure to intervene and prevent McGeehon's excessive and unreasonable use of corporal punishment violated their substantive due process rights under 42 U.S.C. § 1983.

## II.

Appellants correctly assert that a section 1983 action against supervisors cannot be based on a theory of respondeat superior. *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). Moreover, a section 1983 action will not lie against a supervisor for failure to prevent a subordinate's conduct, absent a showing of direct responsibility for the improper action. *Harris v. Pirch,* 677 F.2d 681, 685 (8th Cir.1982). Alleging mere negligence in supervision is insufficient to establish a constitutional violation. Instead, the plaintiff must show the defendants' conduct amounted to a reckless disregard for or deliberate indifference to plaintiff's constitutional rights. *Martin v. White,* 742 F.2d 469, 474 (8th Cir.1984).

Within this framework, appellants argue that they were deprived of their substantive due process rights by Principal Spelts and Superintendent Barnhart's knowing or reckless failure to prevent McGeehon's unreasonable use of corporal punishment in

her classroom. Appellants' argument on appeal, however, is fatally flawed in light of the jury's finding that McGeehon's conduct did not deprive appellants of their constitutional rights. As such, appellants fail to establish a vital element in any section 1983 cause of action, specifically that they were deprived of any right, privilege or immunity secured to them by the Constitution or by federal laws. *See Triplett v. Azordegan,* 570 F.2d 819, 822 (8th Cir. 1978). Absent a showing by appellants that their constitutional rights have been violated, a cause of action premised on section 1983 will not lie.

On the facts of this case, appellants' only conceivable basis for alleging a constitutional violation against Barnhart and Spelts must be derived from the punishment they received at the hand of their teacher, Kathy McGeehon. This argument is without merit, however, in light of the jury verdict in favor of McGeehon on the section 1983 claim, which necessarily meant that McGeehon's conduct did not rise to the level of a constitutional violation. While we deplore the action complained of if the students' allegations are true, it is well established that not every violation of state tort or criminal assault laws committed by a state official results in a constitutional violation cozniable under section 1983. *Davis v. Forrest,* 768 F.2d 257, 258 (8th Cir.1985).

Appellants in the instant case do not appeal the trial court's instructions or the jury's findings regarding the liability of Kathy McGeehon under section 1983. Their failure to do so precludes us from reexamining these issues now. The jury verdict in favor of McGeehon on the section 1983 claim conclusively determined that the appellants had not suffered a violation of constitutional magnitude as a result of the corporal punishment. It is axiomatic, therefore, that there can be no liability on the part of Superintendent Barnhart and Principal Spelts since their liability is necessarily dependent upon the underlying conduct of their subordinate, Kathy McGeehon. *See Hannah v. City of Overland,* 795 F.2d 1385, 1392 (8th Cir.1986). In the absence of a constitutional violation by McGeehon, there is no basis upon which a section 1983 action may be founded against Barnhart and Spelts.

### III.

For the above stated reasons, we hold the district court did not err in directing verdicts in favor of Barnhart and Spelts. Accordingly, we affirm the judgment of the district court.