Applying the aforementioned standard to this case, the Court concludes that defendant's motion should be granted.

■■■ Under Missouri law an employee may not maintain an action for wrongful discharge in violation of public policy unless the employee can demonstrate the existence of a statute, regulation or constitutional provision which clearly mandates the implication of such a policy. *See Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661, 663 (Mo.1988) *en banc*. Although plaintiff makes reference to the ADEA and the Workers' Compensation statute as the basis for her public policy claim, she has offered no authority to support her contention that she may recover under her public policy theory even if she is unable to fully satisfy the requirements for recovery under either of the statutes.

There is no need for the Court to imply a cause of action based upon the policies mandated by the ADEA and the Workers' Compensation Act because those statutes contain remedial provisions which provide for direct recovery thereunder. In the public policy cases cited by plaintiff, the provisions upon which the employees relied to demonstrate the existence of a particular public policy did not provide for direct recovery. *See Smith v. Arthur C. Baue Funeral Home*, 370 S.W.2d 249 (Mo.1963); *Beasley v. Affiliated Hospital Prod.*, 713 S.W.2d 557 (Mo.Ct.App.1986); *Boyle v. Vista Eyewear, Inc.*, 700 S.W.2d 859 (Mo.Ct.App.1985).

Because each of the statutes on which plaintiff relies contains a remedial provision, the Court concludes that plaintiff's claim for recovery based on the violation of a public policy evinced by *both* statutes is duplicative and unwarranted. The Court will reserve the resolution of the "mixed motive" issue until such time as plaintiff submits Counts I and III to the jury.

Jonathan **MEYER**, a minor, by his next friend and parent, Carol **WYRICK**, Plaintiff,

v.

Steven **LITWILLER**, in his individual capacity, and Donald Schupp, in his official and individual capacity, Defendants.

No. 89–4306–CV–C–9.

United States District Court, W.D. Missouri, C.D.

Sept. 5, 1990.

982

William D. Rotts, Atkinson & Rotts, Columbia, Mo., for plaintiff.

Jeffrey O. Parshall, Knight, Ford, Wright, Atwill, Parshall & Baker, Columbia, Mo., for defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS CAROL WYRICK AS NEXT FRIEND OF JONATHAN MEYER AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

BARTLETT, District Judge.

Plaintiff Jonathan Meyer, by and through his next friend Carol Wyrick, brought this action under The Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1988, and the Fourteenth Amendment. Plaintiff also invokes this court's pendent jurisdiction over a state law battery claim. Defendants jointly seek summary judgment against plaintiff.

### I. *Standard for Summary Judgment*

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, it is the court's obligation to view the facts in the light most

favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Inland Oil and Transport Co. v. United States*, 600 F.2d 725, 727–28 (8th Cir.), *cert. denied*, 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979).

■ If there is no genuine issue about any material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency. *Roberts v. Browning*, 610 F.2d 528, 531 (8th Cir.1979); *United States v. Porter*, 581 F.2d 698, 703 (8th Cir.1978). The summary judgment procedure is not a "disfavored procedural shortcut." Rather, it is "an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). *See also City of Mt. Pleasant v. Associated Electric Cooperative, Inc.*, 838 F.2d 268, 273 (8th Cir.1988). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish that there is a genuine issue for trial about an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 106 S.Ct. at 2553.

■ The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the *absence* of genuine issues of material fact. However, the moving party *is not required* to support its motion with affidavits or other similar materials *negating* the opponent's claim. *Id.* (emphasis added).

■ The nonmoving party is then required to go beyond the pleadings and by affidavits, depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Id.* A party opposing a properly supported motion for summary judgment cannot simply rest on allegations and denials in his pleading to get to a jury without any significant probative evidence tending to support the complaint.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The evidence favoring the nonmoving party must be more than "merely colorable." *Id.* 106 S.Ct. at 2511. When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (footnote omitted).

The inquiry to be made mirrors the standard for a directed verdict: whether the evidence presented by the party with the onus of proof is sufficient that a jury could properly proceed to return a verdict for that party. *Id.* Essentially, the question in ruling on a motion for summary judgment and on a motion for directed verdict is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Id.* at 2512.

## II. *Facts*

Plaintiff brings this suit against defendants Steven Litwiller and Donald Schupp for injuries allegedly sustained by Jonathan Meyer on February 10, 1988. On that date, plaintiff, an eleven year old student, participated in a band class taught by defendant Litwiller at Laura Speed Elliot Elementary Middle School. Litwiller had told plaintiff once or twice not to puff his cheeks when playing the clarinet because it would cause loss of muscle control around the lips.

From the record presented, it is not clear why Litwiller did whatever he did. One reading of the record suggests Litwiller thought that plaintiff was violating his direction not to puff his cheeks. However, at another place, Litwiller is unable to articulate why he "tapped" or hit plaintiff. According to Litwiller, he "tapped" plaintiff on his head with his grade book. Plain-

tiff asserts that Litwiller hit him with enough force to cause his head to move "in a short, sideways direction." Litwiller asserts that he was standing in front of plaintiff when he "tapped" plaintiff on the head. Plaintiff says that he was struck without warning from behind.

Defendant Schupp, principal of Laura Speed Elliot Elementary Middle School, investigated the incident, determined that it did not constitute corporal punishment and, therefore, did not cite it in his 1989 evaluation of Litwiller.

Before February 10, 1988, defendant Schupp had learned about an incident in which Litwiller had thrown an eraser and struck a student. In his February 28, 1986, evaluation of Litwiller, Schupp reprimanded Litwiller and instructed him to refrain from such conduct in the future.

### III. *Discussion*

A. Next Friend Carol Wyrick Has Standing to Bring This Cause of Action on Behalf of Plaintiff

■ Defendant argues that plaintiff's mother, Carol Wyrick, lacks standing to bring this cause of action. Defendant relies on *Hall v. Tawney*, 621 F.2d 607 (4th Cir.1980), which precludes the parents of a student from maintaining a § 1983 action against school officials and teachers based on corporal punishment.

*Hall v. Tawney* is inapplicable to this case because Carol Wyrick did not bring this case in her own behalf. Rather, she appears as next friend of plaintiff, pursuant to order entered July 31, 1989. Accordingly, defendants' motion requesting dismissal of Carol Wyrick will be denied.

B. Plaintiff Has Shown the Existence of a Genuine Issue of Material Fact Regarding the 42 U.S.C. § 1983 Claim Against Defendant Steven Litwiller

Plaintiff alleges that Litwiller violated plaintiff's substantive due process rights guaranteed under the Fourteenth Amendment by striking plaintiff on the head with a grade book.

In *Wise v. Pea Ridge School District*, 855 F.2d 560, 564 (8th Cir.1988) (quoting *Metzger v. Osbeck*, 841 F.2d 518, 520 (3rd. Cir.1988)), the court agreed with the Third Circuit that a " 'decision to discipline a student, if accomplished through excessive force and appreciable physical pain, may constitute an invasion of the child's Fifth Amendment liberty interest in his personal security and a violation of substantive due process prohibited by the Fourteenth Amendment.' "

In *Wise*, the Eighth Circuit articulated the following four-factor test to be used in analyzing substantive due process claims based on corporal punishment:

1) the need for the application of corporal punishment;

2) the relationship between the need and the amount of punishment administered;

3) the extent of injury inflicted; and

4) whether the punishment was administered in a good faith effort to maintain discipline or maliciously and sadistically for the very purpose of causing harm.

*Id.*

" "[I]t is well established that not every violation of state tort or criminal assault laws committed by a state official results in a constitutional violation cognizable under section 1983.' " *Rubek v. Barnhart*, 814 F.2d 1283, 1285 (8th Cir.1987); *see also Wise*, 855 F.2d at 565. Something more than "minor discomfort and hurt feelings" is required to establish a § 1983 cause of action. *Wise*, 855 F.2d at 565. "The conduct must be shocking to the conscience and amount to a severe invasion of the student's personal security and autonomy." *Id.* at 565; *see also Hall v. Tawney*, 621 F.2d 607, 613 (4th Cir.1980).

*Hall* also held:

As in the cognate police brutality cases, the substantive due process inquiry in school corporate punishment cases must be whether the force applied caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane

abuse of official power literally shocking to the conscience.

*Id.*

The court in *Wise* stated that "ordinarily the question of whether the force used in administering disciplinary corporal punishment is excessive is a question properly resolved by a trier of fact and thus not properly determined on a motion for summary judgment." *Id.*

█ When asked during his deposition (p. 46) why he tapped plaintiff on the head, Litwiller did not have an answer. A fair reading of the portions of Litwiller's deposition furnished by counsel suggests that the incident was precipitated by plaintiff's failure to bring a pencil to class and by the puffing of his cheeks while playing his instrument during band practice. The significance of this record is the absence of a clearly stated disciplinary reason to administer any punishment.

Without a clearly articulated need to administer punishment, the relationship between the need and the amount of punishment, the second part of the *Wise* test, is difficult to assess. The parties have presented properly very different versions of the amount of punishment administered. Litwiller asserts that he merely tapped plaintiff on the head, that such tapping did not cause plaintiff's head to move and that plaintiff did not appear to register any pain at the time. Plaintiff presents affidavits and deposition testimony in which he asserts that Litwiller struck him with enough force to move his head sharply sideways and to cause him to experience immediate pain in his head.

Also, a dispute exists regarding the extent of his injury. Relying on plaintiff's deposition testimony, defendants assert that plaintiff's injuries have not interfered with his normal activities. In response, plaintiff presents affidavit and deposition testimony showing that plaintiff suffered immediate pain due to the blow, that he continues to suffer neck and back pain, that he has been unable to participate in certain athletic activities and that he has difficulty sleeping and riding in automobiles.

Finally, plaintiff has properly shown a dispute regarding Litwiller's state of mind. Litwiller states in his affidavit that he did not act with malice or sadism toward plaintiff or with the intent to injure him. However, as plaintiff points out, Litwiller testified in his deposition that he does not know why he hit plaintiff. If the finder of fact concluded that pain was inflicted for no reason, an inference of malice or sadism might be reasonable. Therefore, an issue is thereby presented for the finder of fact to resolve.

Because on this record I cannot say as a matter of law that plaintiff's liberty interest in his personal security was not violated, defendants' Motion for Summary Judgment on plaintiff's § 1983 claim against Litwiller will be denied.

█ Plaintiff has a heavy burden when attempting to establish a constitutional violation as opposed to a tort. If this case is tried, plaintiff's evidence will have to permit a reasonable finder of fact to conclude that the force applied was so disproportionate to the need for discipline and was so inspired by malice that the teacher's behavior "amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." Neither the Fifth Amendment nor the Fourteenth Amendment were intended to make federal courts general supervisors of the discipline so essential to preserving an environment where teachers can teach and students can learn.

C. Plaintiff Has Failed to Show the Existence of a Genuine Issue of Material Fact Regarding the 42 U.S.C. § 1983 Claim Against Defendant Donald Schupp

Based on a supervisory liability theory, plaintiff alleges that Schupp violated plaintiff's substantive due process rights guaranteed under the Fourteenth Amendment.

In *Williams v. Willits*, 853 F.2d 586 (8th Cir.1988), the Eighth Circuit Court of Appeals set forth the two-part standard which plaintiff must meet to establish a § 1983 supervisory liability claim. Plaintiff must first demonstrate that he faced "a perva-

sive and unreasonable risk of harm from some specified source." *Id.* at 588. Plaintiff must show that the supervisory official had notice of the acts creating the perverse and unreasonable risk of harm. *See Wilson v. City of North Little Rock,* 801 F.2d 316, 322 (8th Cir.1986). Also, *Williams* noted that "[a] single incident, or isolated incidents, do not ordinarily satisfy [plaintiff's] burden." *Id.*

Under *Williams,* plaintiff must also show that the "supervisor's corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" *Id.* (citations omitted). Plaintiff may not rely on the supervisory official's mere negligence in supervising subordinates. *Daniels v. Williams,* 474 U.S. 327, 330–33, 106 S.Ct. 662, 664–66, 88 L.Ed.2d 662 (1986); *Rubek v. Barnhart,* 814 F.2d 1283, 1284 (8th Cir.1987).

■ Concerning the existence of a pervasive and unreasonable risk of harm, plaintiff fails to properly show the existence of a genuine issue of material fact. Relying on the depositions of plaintiff and his next friend, plaintiff has presented isolated incidents of Litwiller's unorthodox disciplinary practices. None of the incidents establish that plaintiff faced "a pervasive and unreasonable risk of harm" from Litwiller.

Furthermore, plaintiff fails to show that Schupp had notice of the cited incidents with the exception of one instance where Litwiller threw an eraser that struck a student. In his affidavit, Schupp states that he was aware of only this one prior incident. Additionally, plaintiff and his mother testified in their depositions that prior to February 10, 1988, neither had complained to Schupp about Litwiller's disciplinary methods. Likewise, Schupp testified in his deposition that he has never received any complaints from parents concerning Litwiller's disciplinary practices.

Plaintiff attempts to show that Schupp had prior notice of additional acts by Litwiller by virtue of a complaint made to Schupp by a parent. However, plaintiff improperly relies on the deposition testimony of Carol Wyrick to establish notice of additional problems with Litwiller's disciplinary methods. Wyrick testified that Ellen Schler, the mother of another student, had told Wyrick that she had complained to Schupp about Litwiller's behavior.

■ Under Rule 56(e), Federal Rules of Civil Procedure, a district court may consider only admissible evidence in ruling on a summary judgment motion. *United States v. Conservation Chemical Co.,* 653 F.Supp. 152, 171 (W.D.Mo.1986). Deposition testimony offered in support of or in opposition to a summary judgment motion "must be based on personal knowledge, must not contain hearsay, may contain only conclusions the deponent/witness is qualified to make, and must be otherwise unobjectionable under the Federal Rules of Evidence...." *Id.* at 172.

Because Wyrick's testimony is based on hearsay and because she lacks personal knowledge of the alleged complaint, I cannot consider that fact in determining whether summary judgment is appropriate. Even if plaintiff had properly presented evidence of this incident, Schupp's knowledge of only two isolated disciplinary incidents would still be insufficient to establish a *perverse* and unreasonable risk of harm.

Also, plaintiff has failed to establish that there is an issue for trial about whether Schupp was deliberately indifferent to or tacitly authorized Litwiller's disciplinary practices. Plaintiff concedes that upon learning of the one prior incident involving the eraser, Schupp reprimanded Litwiller in his teacher evaluation and informed him that such action was impermissible. In addition, defendant demonstrated that Schupp investigated the incident between Litwiller and plaintiff by interviewing several student witnesses. Based on his investigation, Schupp determined that Litwiller's actions did not constitute corporal punishment and, therefore, did not warrant mention in Litwiller's 1989 teacher evaluation. Thus, on this record, Schupp was not deliberately indifferent to or did not tacitly authorize Litwiller's actions. Thus, summary judgment will be granted in favor of defendant Schupp.

Accordingly, it is hereby ORDERED that:

1) defendants' Motion for Dismissal of next friend Carol Wyrick is denied;

2) defendants' Motion for Summary Judgment is denied on the § 1983 claim against defendant Steven Litwiller; and

3) defendants' Motion for Summary Judgment is granted on the § 1983 supervisory liability claim against defendant Donald Schupp.