GRUENDER, Circuit Judge,
concurring in part and dissenting in part.
I concur in Parts I, II, and IV of the court’s opinion. Because S.L.’s complaint does not support a denial-of-access claim, I respectfully dissent as to Parts III and V (in part).
In Scheeler v. City of St. Cloud, Minn., we said that the “right of access to the courts is well-established” in this circuit and concluded that a police department’s failure to properly investigate a crime could result in the denial of a person’s meaningful access to the courts. 402 F.3d 826, 830 (8th Cir.2005) (citing Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002)). In Scheeler, the plaintiffs claimed that the defendant police officers’ failure to investigate properly the death of their son caused a loss of evidence that precluded them from pursuing “a wrongful death action ... against the individual that killed [their son].” Id. at 829 (quoting the complaint). We recognized the denial-of-access claim as properly stated but affirmed summary judgment in favor of the defendants, determining that the plaintiffs failed to make the required showing that the defendants displayed “deliberate indifference to their right of access to the courts.” Id. at 831.
Prior to our decision in Scheeler, the Supreme Court explained the allegations that a plaintiff must make to pursue a constitutional denial-of-access claim. See Harbury, 536 U.S. 403, 122 S.Ct. 2179. In *856 Harbury, the plaintiff alleged that her husband, a Guatemalan rebel leader, was captured by Guatemalan army forces that included officers trained in the United States and retained as informants by the Central Intelligence Agency (“CIA”). Id. at 406, 122 S.Ct. 2179. Eventually, Harbury’s husband was executed by order of the CIA-affiliated officers. Id. According to Harbury’s complaint, White House and State Department officials intentionally misled her regarding her husband’s whereabouts, preventing her from filing a lawsuit against the United States that could have saved her husband’s life. Id. at 409-10, 122 S.Ct. 2179. In a Bivens action, Harbury alleged that various federal officials “unconstitutionally impeded her access to the courts.” Id. at 408-10, 122 S.Ct. 2179.
In reviewing Harbury’s claim, the Supreme Court divided denial-of-access claims into two categories. Id. at 412-14, 122 S.Ct. 2179. First are forward-looking claims, in which “systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time.” Id. at 413, 122 S.Ct. 2179. In these cases, “[t]he opportunity has not been lost for all time ... the object of the denial-of-access suit, and the justification for recognizing that claim, is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed.” Id. Typical cases include prisoners seeking to use a prison’s law library, or “cases challenging filing fees that poor plaintiffs cannot afford to pay.” Id. Second are “backward-looking” claims, in which “[t]he official acts claimed to have denied access may allegedly have caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief.” Id. at 413-14, 122 S.Ct. 2179 (citations omitted).
These cases do not look forward to a class of future litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable. The ultimate object of these sorts of access claims, then, is not the judgment in a further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future.
Id. at 414, 122 S.Ct. 2179 (emphasis added) (footnotes omitted). Thus, in backward-looking claims, the complaint must identify a “remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought.” Id. at 415, 122 S.Ct. 2179. “There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element.” Id.
The Supreme Court determined that Harbury alleged a backward-looking claim and that her complaint “did not come even close to stating a constitutional claim for denial of access upon which relief could be granted.” Id. at 418, 122 S.Ct. 2179. It reasoned that “the complaint failed to identify the underlying cause of action that the alleged deception had compromised, going no further than the protean allegation that the State Department and [National Security Council] defendants’ ‘false and deceptive information and concealment foreclosed Plaintiff from effectively seeking adequate legal redress.’ ” Id. More importantly for our purposes here, even if the Supreme Court accepted Harbury’s allegation at oral argument that she would have filed a claim for intentional infliction of emotional distress, “she could not satisfy the requirement that a backward-looking denial-of-access claim provide a remedy that could not be obtained on an existing claim.” Id. at 420- *857 21, 122 S.Ct. 2179. The Supreme Court reasoned that the plaintiffs complaint already included a claim for intentional infliction of emotional distress and that she could seek damages through that cause of action. Id. at 421,122 S.Ct. 2179.
In sum, Harbury requires a backward-looking denial-of-access claim to state a remedy that is unavailable in a current or future lawsuit. See id. at 415, 122 S.Ct. 2179; see also Steidl v. Fermon, 494 F.3d 623, 633 (7th Cir.2007); Broudy v. Mather, 460 F.3d 106, 117-18 (D.C.Cir.2006); Jennings v. City of Stillwater, 383 F.3d 1199, 1207-09 (10th Cir.2004). In Scheeler, the plaintiff stated this element by pleading that the underlying violation—a failure to investigate—deprived them of the evidence needed to pursue a civil lawsuit. See 402 F.3d at 829. Here, however, S.L. makes no such allegation.
In Count IV of S.L.’s amended complaint, she alleges that Arnold, Lorthridge, Officer Harris, and Officer IsshawnO’Quinn conspired to “violate [her] civil rights by unlawfully seizing her person, detaining her, and creating a false report to cover up the unlawful arrest.” The complaint further alleges that the conspiracy “deprived [her of] her rights under the Fourth and Fourteenth Amendments to the United States Constitution.” S.L., then, does not make a “forward-looking” claim because she does not allege that “systemic official action frustrates [her] in preparing and filing suits at the present time.” Harbury, 536 U.S. at 413, 122 S.Ct. 2179. Rather, she claims the “loss of an opportunity to seek some particular order of relief,” id. at 414, 122 S.Ct. 2179, by alleging that Officers Harris and Isshawn O’Quinn conspired to “creat[e] a false police report to cover up the unlawful arrest and detention.”
Applying Harbury to S.L.’s complaint, I conclude that S.L. fails to state a constitutional claim for denial of access because Count IV of the complaint does not seek “relief obtainable in no other suit in the future.” Id. at 414, 122 S.Ct. 2179. The remedy S.L. seeks through Count IV— damages and other appropriate relief resulting from a deprivation of her Fourth and Fourteenth Amendment rights—is the very same remedy she seeks through Count I. Compare Compl. ¶ 73 (alleging that the conspiracy “deprived [her] of her rights under the Fourth and Fourteenth Amendments to the United States Constitution”) with Compl. ¶49 (alleging that Arnold and Lorthridge “subjected [her] to an unlawful and unjustified search and seizure ... in violation of the Fourth and Fourteenth Amendments”). This is virtually the same scenario the Supreme Court confronted when it rejected the plaintiffs denial-of-access claim in Harbury. See Harbury, 536 U.S. at 421-22, 122 S.Ct. 2179. Unlike the plaintiff in Scheeler, S.L. does not allege that the coverup led to a loss of evidence that will prejudice her cause of action for the unlawful search and seizure. I cannot discern how Count IV would provide her with a remedy unavailable through the prosecution of Count I.
Moreover, even the court’s speculative attempt to identify injuries caused by the alleged conspiracy fails to identify a unique remedy that could support a denial-of-aecess claim. The court states that S.L. suffered injury from the alleged conspiracy to cover up her arrest because she was required to retain a lawyer to represent her at a city court hearing related to the false arrest. The court additionally concludes that S.L. suffered injury from the alleged coverup when Arnold’s son Jonathan choked and beat her. In both cases, S.L. may seek redress for the injury in “some suit that may yet be brought.” Id. at 415, 122 S.Ct. 2179. The cost of hiring an attorney arises from the unlawful search and seizure and may be recovered through S.L.’s § 1983 claim against Arnold *858 and Lorthridge. And while Jonathan’s alleged assault of S.L. is reprehensible, S.L. could seek relief for the injuries Jonathan inflicted upon her through her claims against Arnold or through a primary tort suit against Jonathan. Again, S.L.’s complaint contains no allegation that the alleged coverup somehow prejudiced her current ability to bring such a suit.
The court ignores Harbury, except to point out that its bifurcation of denial of access claims ‘“into forward-looking and backward-looking access claims is a simplification,’ rather than ‘the only possible categorization.’ ” Ante at 851 n. 4 (quoting Harbury, 536 U.S. at 414 n. 11, 122 S.Ct. 2179). This observation by the Supreme Court does not affect Harbury’s central holding. In any case where a plaintiff alleges that an official’s past action denied her access to the courts, her complaint “should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it.” Harbury, 536 U.S. at 417-18, 122 S.Ct. 2179 (footnote omitted). Whether or not we call it a backward-looking claim, S.L.’s denial of access claim fails to meet the pleading standard required by Rule 8(a) and Harbury. Moreover, it is of no moment under the reasoning of Harbury that S.L. “has no alternative cause of action against Harris and Isshawn-O’Quinn,” ante at 851 n. 4, because the dispositive question is whether the remedy sought from them is obtainable elsewhere.[5] As discussed above, S.L. identifies no injury apart from those compensable in her underlying claims against Arnold, Lorthridge, and, potentially, Jonathan. In short, S.L. fails to describe any remedy available under the access claim and presently unique to it.
I do not suggest as a general matter that S.L. could not bring a § 1983 action against Officers Harris and IsshawnO’Quinn merely due to “[t]he fact that S.L. may bring a separate action against other actors involved in a prior constitutional violation.” Ante at 853. The problem is that she fails to plead the necessary elements of a claim against those officers. If the record viewed in the light most favorable to S.L. indicated that Officers Harris and Isshawn-O’Quinn violated a clearly established constitutional right, S.L. would indeed be entitled to bring a claim under § 1983, irrespective of her claims against Arnold and Lorthridge. But the record does not so indicate. The only constitutional violation the court identifies as involving Officers Harris and IsshawnO’Quinn arises from their alleged conspiracy “to deprive S.L. of her valid § 1983 claim.” Ante at 851. As discussed above, a denial-of-access claim requires the plaintiff to identify a remedy uniquely available through the claim, and S.L.’s allegations in that regard are insufficient. This fact, combined with her failure to identify any other constitutional injury arising from Officer Harris’s and Officer IsshawnO’Quinn’s alleged conduct, leads to her inability to identify the “unconstitutional action under color of state law” that is required to survive summary judgment against the officers. Id. at 851 (quoting *859 Mitchum v. Foster, 407 U.S. 225, 242, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972)).
The alleged conduct of Officers Harris and Isshawn-O’Quinn is inexcusable. Nevertheless, though their actions were “unprofessional, [S.L. has] failed to demonstrate that that conduct constituted a constitutional violation.” King v. Olmsted Cnty., 117 F.3d 1065, 1068 (8th Cir.1997); see also Rubek v. Barnhart, 814 F.2d 1283, 1285 (8th Cir.1987) (“While we deplore the action complained of if the [plaintiffs’] allegations are true, it is well established that not every violation of state tort or criminal assault laws committed by a state official results in a constitutional violation cognizable under section 1983.”). Because S.L.’s complaint does not identify a “remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought,” Harbury, 536 U.S. at 415, 122 S.Ct. 2179, her allegations do not support a denial-of-access claim. It follows that S.L.’s complaint fails to establish that Officers Harris and O’Quinn violated her constitutional rights. See Steidl, 494 F.3d at 633 (reversing the denial of qualified immunity on a denial-of-access claim and holding that the plaintiff failed to establish a constitutional violation because his complaint did “not ask[ ] for any remedy relating to the denial of access to the courts that he [could not] ‘still ... obtain [ ] through another procedure’ ” (quoting Harbury, 536 U.S. at 415, 122 S.Ct. 2179) (third and fourth alterations in original)). I therefore conclude that Officers Harris and Isshawn-O’Quinn are entitled to qualified immunity and would reverse the district court’s holding to the contrary.

. Indeed, the denial-of-access claim that the Supreme Court rejected in Harbury was directed at different defendants than the underlying claim for intentional infliction of emotional distress. See Harbury, 536 U.S. at 409, 122 S.Ct. 2179 (describing Harbury’s denial-of-access counts as naming National Security Council and State Department officials as defendants); id. at 419 n. 17, 421 n. 20, 122 S.Ct. 2179 (noting that the intentional-infliction-of-emotional-distress counts underlying the denial-of-access claim named CIA officials as defendants).